[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 05-14783
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
March 14, 2006
THOMAS K. KAHN
CLERK

D. C. Docket No. 03-00187-CV-W-N

SHERRILL K. RHODES,

Plaintiff-Appellant,

versus

UNISYS CORPORATION,
a Corporation,
LARRY WEINBACH,
Individually, Chairman and Chief Executive
Officer,
MALCOLM BLACK,
Individually, a Manager,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Alabama

_____

(March 14, 2006)

Before BIRCH, BLACK and BARKETT, Circuit Judges.

PER CURIAM:

This case requires us to apply Alabama tort law in a diversity case appealed from the Middle District of Alabama, to review the district court's decision not to allow Rhodes to amend his complaint, and to decide whether we may exercise personal jurisdiction over Larry Weinbach, the CEO of the defendant-appellee corporation, Unisys. The district court ruled against Rhodes on his fraud claim, decided not to allow Rhodes to amend his complaint to add a claim against Weinbach, and declined to exercise personal jurisdiction over Weinbach. We AFFIRM.

## I. BACKGROUND

Rhodes worked in various capacities for Unisys for over 21 years. In 1994, he was promoted to Director of the company's Montgomery Data Center. In December 2001, he retired pursuant to an early retirement incentive program.

In July 2001, Rhodes was selected to participate in the 2001 Federal Program Manager Incentive Compensation Plan. Under the plan, Rhodes could earn $15,000 in incentive compensation for meeting various performance targets. He signed the agreement on 31 July 2001 and subsequently achieved the performance targets for the year.

The plan described performance goals and laid out the relationship between those goals and the fiscal incentives. The plan also provided that Unisys retained the ability to terminate or revise the provisions of the plan at any time. Unisys exercised this right to terminate the plan in early 2002 when the company failed to meet its business objectives for the year.[1]

Bringing both contract and tort causes of action, Rhodes sued Unisys and some of its management in federal court in Alabama. The district court concluded that there was a valid contract between Rhodes and Unisys that was breached when Unisys did not pay Rhodes under the plan. Rhodes was awarded $19,297.50. The district court granted Unisys summary judgment on the parallel tort claims, one of which is before us on appeal.

The court concluded that it did not have personal jurisdiction over Weinbach for the breach of contract claim and two of the three fraud claims. As to the third fraud claim, for fraudulent misstatement, the court found that Rhodes had failed to state a claim upon which relief could be granted and dismissed it. Rhodes now appeals the district court's determination regarding personal jurisdiction over Weinbach.

---

[1] The notification of termination came by way of an email from Unisys's CEO, Larry Weinbach, that was sent to all incentive plan participants. This email is the basis upon which Rhodes asserts that a court in Alabama could hale Weinbach before it. There is no evidence in the record that Rhodes actually received the email from Weinbach, which was dated 3 January 2002, the week after Rhodes retired from the company.

Finally, Rhodes sought to amend his complaint to add a claim for interference with a contract against Weinbach. The district court denied his motion to amend because such amendment would be futile. Rhodes appeals, asserting that his claim against Weinbach is neither futile on the merits nor due to be dismissed for lack of personal jurisdiction.

## II. DISCUSSION

"We review a grant of summary judgment <u>de novo</u>, using the same legal standard as the district court." <u>Merritt v. Dillard Paper Co.</u>, 120 F.3d 1181, 1184 (11th Cir. 1997). "[S]ummary judgment is proper 'if the pleadings, depositions . . . and . . . affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.'" <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 322, 106 S. Ct. 2548, 2552 (1986) (quoting Fed. R. Civ. P. 56(c)). The evidence, and all inferences drawn from the facts, "must be viewed in the light most favorable to the [nonmoving party]." <u>Matsushita Elec. Indus. Co. v. Zenith Radio Corp.</u>, 475 U.S. 574, 587, 106 S. Ct. 1348, 1356 (1986).

We also review decisions regarding personal jurisdiction <u>de novo</u>. <u>Meier v. Sun Int'l Hotels, Ltd.</u>, 288 F.3d 1264, 1268 (11th Cir. 2002). "We review the district court's refusal to grant leave to amend for abuse of discretion, although we review <u>de novo</u> the underlying legal conclusion of whether a particular amendment

4

to the complaint would be futile." Ziemba v. Cascade Int'l, Inc., 256 F.3d 1194, 1199 (11th Cir. 2001) (citations and quotations omitted). We next address Rhodes's three enumerations of error: (1) the district court's grant of summary judgment on the promissory fraud claim to Unisys; (2) the district court's conclusion that it could not assert personal jurisdiction over Weinbach; and (3) the district court's decision not to allow Rhodes's to amend his complaint to add a tort claim against Weinbach.

A. Promissory Fraud

To establish a promissory fraud claim under Alabama law, the plaintiff must show that the defendant made a false representation of a material fact upon which the plaintiff reasonably relied; the plaintiff was injured as a proximate result of the misrepresentation; the defendant had no intention to perform the promised act; and the defendant acted with the intent to deceive. Brabham v. Am. Nat'l Bank of Union Springs, 689 So. 2d 82, 87 (Ala. Civ. App. 1996). The district court concluded that Rhodes had failed to show Unisys's intent to deceive. Intent to deceive must be substantiated by the evidence in order for there to be a jury question regarding a claim for promissory fraud. Cabnetware, Inc. v. Birmingham Saw Works, Inc., 614 So. 2d 1034, 1037 (Ala. 1993) ("The failure to perform, alone, is not evidence of intent not to perform at the time the promise was made.").

5

Reviewing the record, we conclude that Rhodes attempts to rely on an inference of intent not to perform, which might be drawn from Unysis's failure to perform, rather than providing any actual evidence of Unisys's intent to deceive at the time of contract formation. Because there is no evidence in the record of intent to defraud, the district court did not err when it granted summary judgment to Unisys.

B. Personal Jurisdiction

Federal courts sitting in diversity are bound by the same due process limits on the exercise of personal jurisdiction as local state courts. Charlie Fowler Evangelistic Ass'n v. Cessna Aircraft Co., 911 F.2d 1564, 1565 (11th Cir. 1990) (per curiam). Alabama allows the courts of its state to exercise jurisdiction to the limit provided by the Due Process Clause of the Fourteenth Amendment. Ruiz de Molina v. Merritt & Furman Ins. Agency, Inc., 207 F.3d 1351, 1355–56 (11th Cir. 2000). Thus, a court may summon a defendant to a forum when the cause of action is related to his contacts with that forum. Helicopteros Nacionales de Colombia v. Hall, 466 U.S. 408, 414–15 nn. 8, 9, 104 S. Ct. 1868, 1872 nn. 8, 9 (1984). Of course, a court could also summon a nonresident to answer claims unrelated to his contacts with the forum so long as those contacts are "continuous and systematic." Id. Rhodes concedes that there is no such general personal jurisdiction over Weinbach in Alabama.

6

The fundamental inquiry of specific jurisdiction is whether the defendant has such "minimum contacts with [the state] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" Int'l Shoe Co. v. Washington, 326 U.S. 310, 316, 66 S. Ct. 154, 158 (1945) (citation omitted). Such minimum contacts exist if "the defendant's conduct and connection with the forum State are such that he should reasonably anticipate being haled into court there." Burger King v. Rudzewicz, 471 U.S. 462, 474, 105 S. Ct. 2174, 2183 (1985) (citations omitted). Thus, jurisdiction would be proper when "the litigation results from alleged injuries that 'arise out of or relate to'" activities engaged in by the defendant, such that the defendant has "purposefully avail[ed]" himself of the forum state. Id. at 473, 475, 105 S. Ct. at 2182, 2183 (citations omitted). "This 'purposeful availment' requirement ensures that a defendant will not be haled into a jurisdiction solely as a result of 'random,' 'fortuitous,' or 'attenuated' contacts." Id. at 475, 105 S. Ct. 2183 (citations omitted). "Jurisdiction is proper, however, where the contacts proximately result from actions by the defendant himself that create a 'substantial connection' with the forum State." Id., 105 S. Ct. at 2183–84 (citations omitted).

Rhodes cites Calder v. Jones, 465 U.S. 783, 104 S. Ct. 1482 (1984), for the proposition that the allegedly tortious decision made in a nonforum state that has an effect in Alabama makes the exercise of jurisdiction in Alabama proper. In

7

Calder, a libel action was commenced in California against a Florida defendant author. Id. at 785, 104 S. Ct. at 1484. The Court observed that California was the focal point of the article and the harm. Id. at 789, 104 S. Ct. at 1486. Because the email from Weinbach was not focused on causing injury in Alabama, the Calder analysis is inapposite. The Calder effects test is a lens through which the connectivity between defendant, cause of action, and forum state may be viewed. As discussed in the following sections, we conclude that there is no connection between the asserted contact and any cause of action, so Rhodes's argument fails.

Because Rhodes concedes that federal courts would only have personal jurisdiction over Weinbach for specific causes of action, we must review each cause of action to see if any of them sufficiently connect Weinbach to the jurisdiction such that the exercise of jurisdiction over him is appropriate. See Helicopteros, 466 U.S. at 414 n.8, 104 S. Ct. at 1872 n.8. Rhodes asserts three causes of action, which must each be examined to see if any would allow the court to assert jurisdiction over Weinbach. These causes of action are for breach of contract, fraud in the inducement, and fraudulent suppression.

The district court concluded that the only contact between Weinbach and the state of Alabama was the January email that informed plan participants about the company's failure to meet its financial objectives and that disclosed the company's intention not to pay incentive plan bonuses as a result. On appeal, Rhodes does not

8

argue that there were other relevant contacts. Instead, Rhodes argues that the one email is sufficient.

It is unlikely that a single contact with the forum state by Weinbach will be sufficient to create jurisdiction over him by the courts in Alabama. See, e.g., Future Tech. Today, Inc. v. OSF Healthcare Sys., 218 F.3d 1247, 1251 (11th Cir. 2000) (per curiam) (finding no personal jurisdiction from limited telephonic contact and no visit to forum state); Borg-Warner Acceptance Corp. v. Lovett & Tharpe, Inc., 786 F.2d 1055, 1060 (11th Cir. 1986) (collecting cases where personal jurisdiction was not found over nonresidents for one-time transactions). The causes of action that Rhodes brought were unrelated to the email sent by Weinbach. Because Weinbach was not a party to the incentive contract, his email could not have breached the contract. Likewise, the email came in January, well after the contract's July formation, so there is no connection between the email and a claim for fraud in the inducement. Finally, a claim for fraudulent suppression would lie only if information were withheld during the pendency of contract formation or performance. Because the email came after performance was completed, it could not be related to information suppressed during the formation or performance of the contract.

A single email contact with a forum, especially when the email is unrelated to the causes of action, will not provide a basis for personal jurisdiction.

Weinbach, therefore, could not reasonably believe that he would be haled into a court in Alabama. The district court properly dismissed these causes of action for lack of personal jurisdiction over Weinbach.

C. Motion to Amend

The district court declined to allow Rhodes to amend his complaint because such amendment would be futile. If the claim is futile, then the decision to deny the motion would not be an abuse of the court's discretion. See, e.g., Corsello v. Lincare, Inc., 428 F.3d 1008, 1015 (11th Cir. 2005) (per curiam). Thus, we must determine whether Rhodes's claim against Weinbach for contract interference states a claim upon which relief could be granted.

Under Alabama law, a claim for intentional interference with contractual relations requires "(1) the existence of a contract or business relation; (2) the defendant's knowledge of the contract or business relation; (3) intentional interference by the defendant with the contract or business relation; (4) the absence of justification for the defendant's interference; and (5) damage to the plaintiff as a result of the interference." Waddell & Reed, Inc. v. United Investors Life Ins. Co., 875 So. 2d 1143, 1153 (Ala. 2003). However, in the context of a corporate employee interfering with a contract of the corporation, the plaintiff must also show that the employee acted outside the scope of his employment and that the

employee acted with actual malice. Hickman v. Winston County Hosp. Bd., 508 So. 2d 237, 239 (Ala. 1987). "In order to show malice, the plaintiff must make a strong showing of a pattern of interference." Hanson v. New Tech., Inc., 594 So. 2d 96, 102 (Ala. 1992) (citation omitted).

Rhodes sought to amend his complaint, alleging that Weinbach interfered with his contract with Unisys, causing breach. This allegation of a single act of interference is insufficient to satisfy Alabama's requirement that there be a pattern of interference. Thus, the district court was correct that Rhodes's amendment would be futile, and, therefore, the district court did not abuse its discretion when it denied Rhodes's motion to amend his complaint.[2]

## III. CONCLUSION

The district court ruled against Rhodes on his fraud claim, declined to exercise personal jurisdiction over Weinbach, and decided not to allow Rhodes to amend his complaint to add a claim against Weinbach. We agree that summary judgment was appropriate because Rhodes failed to introduce evidence of an intent to defraud, that the court did not abuse its discretion by denying Rhodes's motion

---

[2] Weinbach argues that he is not subject to the jurisdiction of the district court. Because we agree with his alternative argument that Rhodes has failed to state a claim under Alabama law for contract interference, we need not address Weinbach's argument concerning personal jurisdiction, which was not addressed by the district court in the first instance.

to amend, and that the court could not exercise jurisdiction over Weinbach because he did not have sufficient contacts with Alabama.  **AFFIRMED**.