[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEPTEMBER 7, 2007
THOMAS K. KAHN
CLERK

_____

No. 07-12055
Non-Argument Calendar

_____

D. C. Docket No. 06-00540-CV-S

KENNETH MITCHELL,

Plaintiff-Appellant,

versus

BEVERLY ENTERPRISES, INC.,
a Corporation,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

(September 7, 2007)

Before TJOFLAT, BLACK and HULL, Circuit Judges.

PER CURIAM:

Kenneth Mitchell appeals the district court's dismissal of his *qui tam* action against Beverly Enterprises, Inc. (Beverly). Mitchell alleges Beverly violated the False Claims Act, 31 U.S.C. § 3729, by defrauding the United States through fraudulent Medicare charges and noncompliance with its Corporate Integrity Agreement (CIA) with the Office of Inspector General (OIG). The district court found Mitchell failed to plead with the specificity required by Fed. R. Civ. P. 9(b) and dismissed his claim with prejudice pursuant to Fed. R. Civ. P. 12(b)(6).

Plaintiffs bringing claims against health plan administrators for improper Medicare claims under the False Claims Act must comply with the particularity requirement of Rule 9(b). *United States ex rel. Clausen v. Lab. Corp. of Am., Inc.*, 290 F.3d 1301, 1307 n.11, 1308 (11th Cir. 2002) (reviewing *de novo* a district court's dismissal for failure to state a claim, applying the same standard used by the district court). Those bringing claims on behalf of the government under the False Claims Act for fraudulent claims must plead "facts as to time, place, and substance of the defendant's alleged fraud, specifically the details of the defendants' allegedly fraudulent acts, when they occurred, and who engaged in them." *Id.* at 1310 (quotations omitted). The directive to plead with particularity "does not permit a False Claims Act plaintiff merely to describe a private scheme in detail but then to allege simply and without any stated reason for his belief that

2

claims requesting illegal payments must have been submitted, were likely submitted or should have been submitted to the Government." *Id.* at 1311; *See also Corsello v. Lincare, Inc.*, 428 F.3d 1008, 1014 (11th Cir. 2005) (affirming district court's dismissal of complaint that "provided the 'who,' 'what,' 'where,' 'when,' and 'how' of improper practices, but . . . failed to allege the 'who,' 'what,' 'where,' 'when,' and 'how' of fraudulent submissions to the government"). Rule 9(b) requires "some indicia of reliability . . . in the complaint to support the allegation of *an actual false claim* for payment being made to the Government." *Clausen*, 290 F.3d at 1311. Plaintiffs need not prove their allegations in the complaint but must provide particular facts so the Court is not "left wondering whether a plaintiff has offered mere conjecture or a specifically pleaded allegation on an essential element of the lawsuit." *Id.* at 1313 & n.23 (noting the Court cannot presume billing policies or assume claims were submitted to the government without specific information in the pleadings). Failure to meet Rule 9(b)'s standards results in dismissal of the complaint. *Id.* at 1310.

In the *qui tam* portion of his Amended Complaint, Mitchell alleges that Beverly submitted claims to Medicare for services that were never rendered, for more reimbursement than that to which it was entitled, and for services which were not medically necessary; and that Beverly violated the CIA by submitting the

3

false claims, failing to investigate allegations of fraud and patient complaints, failing to keep Mitchell's complaints confidential, retaliating against Mitchell, failing to comply with the CIA audit and claim review provisions, failing to correct noncompliance, and failing to report fraud allegations and noncompliance to the OIG.[1]  Mitchell's complaint includes specific allegations of Beverly's policies but conclusory allegations that these policies "resulted in false charges being submitted to Medicare."

Although the complaint alleges "Mitchell observed and particpated in a billing process," Mitchell provided specific facts only about the therapists' billing logs, not the actual claims presented to Medicare.  As an attachment to the complaint, Mitchell provided a page from one therapist's billing log for patient Esther Hollingsworth.  He did not assert any specific facts beyond Hollingsworth's family's allegations as to the accuracy of the billing log, and he failed to assert any specific facts regarding the actual submission of the claim to Medicare.  He states "[t]he therapists would complete [billing log] forms, take the forms to the [administrator], and then have that information entered and sent directly to [Medicare] without any edits from an outside source or other management official."  He alleges Beverly systematically failed to comply with the CIA but

---

[1] Mitchell's additional claim under the whistleblower statute is not before us on appeal.

fails to make specific allegations about claims actually submitted to Medicare that violated the agreement. He does not go past pleading "*his belief* that claims requesting illegal payments must have been submitted, were likely submitted or should have been submitted to the Government" by alleging specific facts as to who submitted the bills to Medicare, how they were submitted, or when they were submitted. *See Clausen*, 290 F.3d at 1311 (emphasis added). "Underlying improper practices alone are insufficient to state a claim under the False Claims Act absent allegations that a specific fraudulent claim was in fact submitted to the government." *Corsello*, 428 F.3d at 1014.

After reviewing the briefs on appeal and the record in this case, we agree with the district court that Mitchell did not assert that Beverly actually submitted false claims to Medicare with sufficient particularity and the required reliability to meet the standard under Rule 9(b) for complaints under the False Claims Act. We affirm the district court's grant of Beverly's motion to dismiss Mitchell's claim.

**AFFIRMED.**