[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 05-11868
Non-Argument Calendar
_____

FILED

U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
October 20, 2005
THOMAS  K. KAHN
CLERK

D. C. Docket No. 98-00204-CV-ODE-1

KIRK S. CORSELLO,

Plaintiff-Appellant,

versus

LINCARE, INC.,
LINCARE HOLDINGS, INC.,
ROTECH, INC.,
ALAN VARRAUX, M.D.,
ROTECH MEDICAL CORPORATION,

Defendants-Appellees,

LINCARE HEALTHCARE GROUP, INC.,
AMERICAN HOME PATIENT, INC.,
et al.,

Defendants.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

**(October 20, 2005)**

Before TJOFLAT, DUBINA and PRYOR, Circuit Judges.

PER CURIAM:

The issue in this qui tam action, brought under the False Claims Act, is whether a former sales employee of multiple defendants pleaded fraud with particularity, under Federal Rule of Civil Procedure 9(b), by baldly asserting that improper practices "resulted in the submission of false claims." Kirk S. Corsello appeals both the dismissal of his complaint for failure to plead fraud with particularity and the denial of his motion to file a third amended complaint. Because the complaint failed to provide any factual support that false claims were actually submitted to the government and a third amendment of the complaint more than five years after the commencement of this action would have been futile, we affirm.

## I. BACKGROUND

In 1998, Corsello brought a qui tam action under the False Claims Act against 56 entities and 99 John Does and John Doe Corporations. Corsello alleged

that while he was employed by two of the defendants, they engaged in various fraudulent schemes, including paying illegal kickbacks to physicians to induce referrals, falsifying cetificates of medical necessity to provide unnecessary treatment, and billing for unnecessary or non-existent treatment to obtain Medicare payments unlawfully. Corsello failed to serve process on the defendants with his original complaint, but instead moved to file an amended complaint. On June 18, 1999, the district court granted Corsello's motion to file an amended complaint but warned Corsello that "[t]he Qui Tam Act was not enacted in order to give the relator an unlimited opportunity to perfect its complaint" and that "the amended complaint shall fully comport with the requirement of [Federal Rule of Civil Procedure 9(b)]." Corsello served the first amended complaint on July 18, 1999, but then filed a second amended complaint on January 13, 2000, to cure some of the deficiencies in his earlier complaints and further reduce the number of defendants.

In his amended complaint, Corsello alleged that Lincare, Inc., Lincare Holdings, Inc., Rotech, Inc., Alan Varraux, M.D., Rotech Medical Corporation, and American Home Patient, Inc., violated the False Claims Act by submitting false Medicare claims and conspiring to defraud the government. 31 U.S.C. § 3729(a)(1), (a)(2), (a)(3). Lincare, Inc. and Lincare Holdings, Inc. (collectively

3

Lincare), Rotech, Inc. and Rotech Medical Corporation (collectively Rotech), and American Home Patient, Inc. are nationwide providers of oxygen services and equipment to patients in their homes. Varraux is a physician specializing in pulmonology. Corsello was employed by Lincare as the Center Manager for the South Orlando Center from 1995 to 1997. After Corsello was terminated by Lincare, he worked for Rotech as a Regional Sales Support employee from 1998 until his termination in 1999.

On March 9, 2001, the district court granted a motion to dismiss Corsello's claims against Lincare, American Home Patient, Inc., and Varraux because Corsello failed to plead fraud with particularity. Corsello appealed, but this Court dismissed the appeal because the district court had not yet adjudicated Corsello's claims against Rotech. Rotech then moved to dismiss the second amended complaint for failure to state a claim. Corsello responded to Rotech's motion to dismiss and proposed to file a third amended complaint. The district court granted the motion to dismiss on the ground that Corsello's complaint failed to plead fraud with particularity. The district court also denied Corsello's motion to file a third amended complaint because Corsello had waited over a year since the dismissal of his claims against the other defendants, had not explained why he did not plead the

4

necessary facts in the previous versions of his complaint, and had not offered an amendment that cured the deficiencies of his complaint.

## II. STANDARD OF REVIEW

This appeal is governed by two standards of review. First, this Court reviews <u>de novo</u> a dismissal for failure to state a claim upon which relief may be granted. <u>United States ex rel. Clausen v. Lab. Corp. of Am., Inc.</u>, 290 F.3d 1301, 1307 n.11 (11th Cir. 2002). On a motion to dismiss for failure to state a claim, we accept as true the facts as alleged in the complaint. <u>Id.</u> at 1303 n.2. Second, we review the denial of a motion to amend a complaint for abuse of discretion. <u>Bryant v. Dupree</u>, 252 F.3d 1161, 1163 (11th Cir. 2001). The underlying legal conclusion of whether a particular amendment to the complaint would have been futile is reviewed <u>de novo</u>. See <u>Harris v. Ivax Corp.</u>, 182 F.3d 799, 802–03 (11th Cir. 1999).

## III. DISCUSSION

Corsello appeals both the dismissal of his complaint and the denial of his motion to amend the complaint. We first consider whether the district court erred in dismissing Corsello's claims under the False Claims Act for failure to plead

5

fraud with particularity. We then address whether the district court erred in denying Corsello's motion to file a third amended complaint.

*A. The District Court Correctly Dismissed the Complaint for Failure to Comply with Rule 9(b)*

Sections 3729(a)(1) and (a)(2) of the False Claims Act subject to civil liability entities that knowingly submit false or fraudulent claims to the government for payment or approval. Clausen, 290 F.3d at 1309. Liability under the False Claims Act arises from the submission of a fraudulent claim to the government, not the disregard of government regulations or failure to maintain proper internal policies. Id. at 1311. The act of submitting a fraudulent claim to the government is the "sine qua non of a False Claims Act violation." Id. This Court has held that complaints alleging violations of the False Claims Act are governed by Rule 9(b). Clausen, 290 F.3d at 1308–09.

Under Rule 9(b), "the circumstances constituting fraud or mistake shall be stated with particularity." Fed. R. Civ. P. 9(b). To state a claim under the False Claims Act with particularity, the complaint must allege "'facts as to time, place, and substance of the defendant's alleged fraud,' [and] 'the details of the defendants' allegedly fraudulent acts, when they occurred, and who engaged in them.'" Clausen, 290 F.3d at 1310 (citing Cooper v. Blue Cross & Blue Shield of

Fla., Inc., 19 F.3d 562, 567–68 (11th Cir. 1994)). Failure to satisfy Rule 9(b) is a ground for dismissal of a complaint.

In Clausen, we stated that the complaint must contain "some indicia of reliability" to satisfy Rule 9(b). 290 F.3d at 1311. In that case, Clausen, who was a competitor of the defendant, brought an action under the False Claims Act and alleged that the defendant had engaged in a "decade-long campaign to defraud the Government." Id. at 1302–03. Although Clausen described in detail a private scheme to defraud, Clausen's complaint did not provide "any billing information to support [Clausen's] allegation that actual false claims were submitted for payment." Id. at 1306. The complaint speculated that claims "must have been submitted, were likely submitted or should have been submitted to the Government." Id. at 1311. The complaint did not contain any "stated reason for [Clausen's] belief that claims requesting illegal payments must have been submitted." Because Clausen was a "corporate outsider," his failure to include a credible set of facts to support his vague allegations rendered his complaint deficient under Rule 9(b). Id.

In Hill v. Morehouse Medical Associates, an unpublished opinion, we elaborated on the "indicia of reliability" required by Clausen. No. 02-14429 (11th Cir. Aug. 15, 2003) (per curiam). Hill, who was a former employee in the billing

department of the defendant, alleged a billing process and details about five fraudulent billing schemes the defendant used to submit claims to the government. Id. Unlike the relator in Clausen, who was a "corporate outsider," Hill had "firsthand information" about the billing practices of the defendant. Id. at 5. Because Hill "worked in the very department where she alleged the fraudulent billing schemes occurred," her allegations that fraudulent claims were submitted on a daily basis were factually credible. This Court held that Hill's complaint satisfied Rule 9(b) because Hill was "privy to . . . the internal billing practices" of the defendant and thus provided factual support for the allegations of fraudulent billing in her complaint. Id. at 5.

Corsello is neither a "corporate outsider" nor an employee in the billing department. Corsello contends that he is unlike the relator in Clausen because, as a sales employee, he was "aware" of the manner by which the defendants submitted fraudulent claims and had "learned from his colleagues the national reach of the schemes." Corsello also argues that his second amended complaint, like the complaint in Hill, contained "indicia of reliability" to satisfy Rule 9(b) because the complaint alleged many details of numerous schemes, employees, and claims. Corsello argues that the complaint provided the initials of patients whose Medicare

8

forms were improperly completed and eventually, Corsello alleged, "resulted in the submission of fraudulent claims."

Corsello argues that a pattern of improper practices of the defendants leads to the inference that fraudulent claims were submitted to the government, but we disagree. Because it is the submission of a fraudulent claim that gives rise to liability under the False Claims Act, that submission must be pleaded with particularity and not inferred from the circumstances. See Fed. R. Civ. P. 9(b) (stating that "the circumstances constituting fraud . . . shall be stated with particularity"). Although we construe all facts in favor of the plaintiff when reviewing a motion to dismiss, we decline to make inferences about the submission of fraudulent claims because such an assumption would "strip[] all meaning from Rule 9(b)'s requirements of specificity." Clausen, 290 F.3d at 1312 n.21.

Corsello's complaint failed to satisfy 9(b). Corsello's second amended complaint failed to allege when, where, and what violations of the False Claims Act occurred. The complaint instead used vague allegations that improper practices took place "everywhere Lincare does business throughout the statutory time period." The allegations also failed to provide a factual basis to conclude fraudulent claims were ever actually submitted to the government in violation of the False Claims Act. At best, Corsello alleged that improper practices have

9

"resulted in the submission of fraudulent claims," or "lead directly to the submission of fraudulent claims."

Although Corsello worked in sales, his allegations, often based "on information and belief," lacked the "indicia of reliability" required by Clausen because they failed to provide an underlying basis for Corsello's assertions. Corsello did not explain why he believes fraudulent claims were ultimately submitted. Corsello's contention that he was "aware" of billing practices was neither particular to any specific fraudulent claim against the government nor factually supported because Corsello conceded that he "did not have access to company files outside his own offices." Underlying improper practices alone are insufficient to state a claim under the False Claims Act absent allegations that a specific fraudulent claim was in fact submitted to the government. Clausen, 290 F.3d at 1311. In short, Corsello provided the "who," "what," "where," "when," and "how" of improper practices, but he failed to allege the "who," "what," "where," "when," and "how" of fraudulent submissions to the government.

Corsello's allegation that the defendants conspired to defraud the government in violation of section 3729(a)(3) of the False Claims Act likewise failed to satisfy the requirements of Rule 9(b). To state a claim under section 3729(a)(3), the plaintiff must show "(1) that the defendant conspired with one or

10

more persons to get a false or fraudulent claim paid by the United States; (2) that one or more of the conspirators performed any act to effect the object of the conspiracy; and (3) that the United States suffered damages as a result of the false or fraudulent claim." United States ex rel. Stimson v. Provident Life & Accident Ins. Co., 721 F. Supp. 1247, 1259 (S.D. Fla. 1989). Section 3729(a)(3) of the False Claims Act imposes liability on those who "conspire[] to defraud the government by getting a false or fraudulent claim allowed or paid." 31 U.S.C. § 3729(a)(3). In his second amended complaint, Corsello alleged that "Lincare and Varraux conspired to defraud the Government," but this bare legal conclusion was unsupported by specific allegations of any agreement or overt act. The district court correctly dismissed Corsello's complaint for failure to comply with Rule 9(b).

B. *The District Court Did Not Abuse Its Discretion When It Denied Corsello's Motion to File a Third Amended Complaint*

Corsello also argues that the district court erred when it denied his motion to file a third amended complaint. Under Federal Rule of Civil Procedure 15(a), a court should give leave to amend freely "when justice so requires." Fed. R. Civ. P. 15(a). Ordinarily, a party must be given at least one opportunity to amend before the district court dismisses the complaint. Bryant v. Dupree, 252 F.3d 1161, 1163 (11th Cir. 2001). The district court, however, need not "allow an amendment (1)

11

where there has been undue delay, bad faith, dilatory motive, or repeated failure to cure deficiencies by amendments previously allowed; (2) where allowing amendment would cause undue prejudice to the opposing party; or (3) where amendment would be futile." Id.

The district court did not abuse its discretion when it denied Corsello's motion to amend his complaint. Allowing another amendment would have led to the filing of Corsello's fourth complaint in over five years of litigation. Corsello proposed to file his third amended complaint eighteen months after the district court had dismissed Corsello's claims against Lincare, American Home Patient, and Varraux. The district court had warned Corsello from the beginning that he must plead fraud with particularity and was not required to give Corsello another opportunity to correct his errors. Corsello's "repeated failure to cure deficiencies by [previous] amendments" is an explicitly permitted reason for which the district court was entitled to deny his motion to amend. See id.

Corsello erroneously argues that the motion to file a third amended complaint was delayed because of our decision in Clausen. Corsello does not explain why he moved to amend five months after the Clausen decision was issued.

12

Moreover, Clausen did not articulate a new standard that required an extensive amendment to Corsello's complaint; Clausen interpreted an existing standard that Corsello had failed to meet.

The district court also did not err when it determined that allowing Corsello to amend his complaint would have been futile, because Corsello's proposed complaint still failed to meet the standard of Rule 9(b). The deficiencies of the second amended complaint remained in the proposed complaint: the allegations of the proposed complaint were unlimited in temporal or geographic scope and failed to plead specific instances of fraudulent submissions to the government. In addition, the proposed complaint alleged that "sales people do not . . . have access to the specific billing information that is submitted to the government," which evidenced that the revised complaint still lacked sufficient indicia of reliability. The district court, therefore, did not abuse its discretion when it denied Corsello's motion to amend.

## IV. CONCLUSION

Because Corsello's complaint failed to plead fraud with particularity and the district court did not abuse its discretion when it denied Corsello's motion to file a third amended complaint, the dismissal of Corsello's second amended complaint and the denial of his motion to amend that complaint are

13

**AFFIRMED.**