[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APR 2, 2010
JOHN LEY
CLERK

No. 09-11049
Non-Argument Calendar

_____

D. C. Docket No. 08-81054-CV-KAM

CHARLOTTE TAYLOR,

Plaintiff-Appellant,

versus

ADDIE L. GREENE, in official capacity as
Chairperson of the Palm Beach
County Board of County Commissioners,
JEFF KOONS, in official capacity as Vice Chair of
the Palm Beach County Board of County Commissioners, et al.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(April 2, 2010)

Before BLACK, BARKETT and FAY, Circuit Judges.

PER CURIAM:

Charlotte Taylor appeals from the district court's dismissal, with prejudice, of her *pro se* civil complaint, which was filed pursuant to the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101 et. seq. On appeal, Taylor argues the district court erred when it denied as futile her request to file an amended complaint. Specifically, she argues she had the right to file an amendment as a matter of course, pursuant to Fed. R. Civ. P. 15, because the defendants had not yet filed a responsive pleading.

A district court's denial of a motion to amend a complaint is reviewed for an abuse of discretion, although the underlying legal conclusion of whether a particular amendment to the complaint would be futile is reviewed *de novo*. *Corsello v. Lincare, Inc.*, 428 F.3d 1008, 1012 (11th Cir. 2005). A party may amend its pleading once, as a matter of course, before being served with a responsive pleading. Fed. R. Civ. P. 15(a)(1). For the purposes of this Rule, a motion to dismiss is not considered a responsive pleading. *Fortner v. Thomas*, 983 F.2d 1024, 1032 (11th Cir. 1993). Although the futility of a proposed amended complaint can be a justifiable reason for denying leave to amend, *see Moore v. Baker*, 989 F.2d 1129, 1131 (11th Cir. 1993), we have held, "[w]hen the plaintiff has the right to file an amended complaint as a matter of course. . . the plain language of Rule 15(a) shows that the [district] court lacks the discretion to reject

the amended complaint based on its alleged futility," *Williams v. Bd. of Regents of Univ. Sys. of Georgia,* 477 F.3d 1282, 1292 n.6 (11th Cir. 2007).

The record in this case demonstrates Taylor sought to amend her complaint after the defendants filed a motion to dismiss.  Because a motion to dismiss is not considered a responsive pleading for Rule 15 purposes, *see Fortner*, 983 F.2d at 1032, Taylor had the right to amend her complaint as a matter of course, *see Williams*, 477 F.3d at 1292, n.6.  Thus, the district court lacked the discretion to reject her amended complaint based on alleged futility.  *Id.*

**VACATED AND REMANDED.**