[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 10-12211
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 24, 2011
JOHN LEY
CLERK

D.C. Docket No. 1:08-cv-02163-CCH

RODERICK DERUN GAY,
MS.CA,

Plaintiff - Appellant,

versus

AIRTRAN AIRWAYS, INC.,

Defendant - Appellee,

CHERYL BEASLEY, et al.,

Defendants.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(May 24, 2011)

Before EDMONDSON, WILSON and PRYOR, Circuit Judges.

PER CURIAM:

Roderick Derun Gay, proceeding *pro se* in this employment discrimination lawsuit filed pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq.*, and the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 *et seq.*, appeals the district court's grant of summary judgment to his employer, AirTran Airways, Inc. ("AirTran"). Among other things, Gay alleged that AirTran's failure to promote him to any of three posted management positions constituted racial discrimination under Title VII, and in two instances, the failure to promote was likewise a product of age discrimination in violation of the ADEA.

On appeal, Gay challenges three of the district court's procedural decisions.[1] Gay argues that the district court abused its discretion by awarding costs to AirTran and by not compelling AirTran to comply with Gay's discovery requests. Gay also argues that the district court erred by not allowing him to amend his complaint to include two failure-to-promote claims, which asserted continuous

---

[1] Gay has also filed a separate motion for oral argument in this appeal. Because the issues raised in this appeal could be resolved on the basis of the briefs and the record, the decisional process would not be significantly aided by oral argument. *See* Fed. R. App. P. 34. Accordingly, we deny Gay's motion for oral argument.

discrimination, on the grounds that one was time-barred and that the other was not administratively exhausted.

I.

Federal Rule of Civil Procedure 54(d)(1) provides, "[u]nless a federal statute, these rules, or a court order provides otherwise, costs--other than attorney's fees--should be allowed to the prevailing party." Rule 54(d) creates "a strong presumption that the prevailing party will be awarded costs." *Mathews v. Crosby*, 480 F.3d 1265, 1276 (11th Cir. 2007). "To defeat the presumption and deny full costs, a district court must have and state a sound basis for doing so." *Chapman v. AI Transport*, 229 F.3d 1012, 1039 (11th Cir. 2000) (en banc). In awarding costs, a district court may, but need not, consider the non-prevailing party's financial status, but if the court decides to consider such information, it must base its determination upon substantial documentation of the non-prevailing party's "true inability to pay." *Id.* "Moreover, when awarding costs a district court should not consider the relative wealth of the parties." *Id.*

"[W]e review a district court's decision about whether to award costs to the prevailing party for abuse of discretion," which "occurs if the trial judge bases an award or denial upon findings of fact that are clearly erroneous." *Mathews*, 480 F.3d at 1276 (citations omitted).

Because the district court had no sound basis for setting aside Rule 54(d)'s strong presumption of awarding costs, it did not abuse its discretion by awarding costs to the prevailing party, AirTran.

## II.

Under Federal Rule of Civil Procedure 37(a)(1), a motion to compel discovery "must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Local Rule 37.1(A) of the Northern District of Georgia requires a motion to compel discovery to "[q]uote verbatim" the discovery request to which objection is taken, state the objection and its grounds, and cite authority and reasons supporting the motion.

We apply an abuse-of-discretion standard when reviewing a denial of a motion to compel discovery. *Holloman v. Mail-Well Corp.*, 443 F.3d 832, 837 (11th Cir. 2006). "This means that a district court is allowed a range of choice in such matters, and we will not second-guess the district court's actions unless they reflect a clear error of judgment." *Id.* (internal quotation marks omitted).

Because Gay filed his motion before discovery was due, and because the motion did not comply with Federal Rule of Civil Procedure 37(a)(1) or Local

Rule 37.1(A), the district court did not abuse its discretion by denying Gay's motion to compel.

## III.

"It is settled law that in order to obtain judicial consideration of [an employment discrimination] claim, a plaintiff must first file an administrative charge with the [Equal Employment Opportunity Commission] within 180 days after the alleged unlawful employment practice occurred." *Pijnenburg v. W. Ga. Health Sys., Inc.*, 255 F.3d 1304, 1305 (11th Cir. 2001) (citing § 2000e-5(e)(1)). "Discrete acts such as . . . failure to promote" are actionable only if they occurred within the timely filing period, "even when they are related to acts alleged in timely filed charges." *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 114, 113, 122 S. Ct. 2061, 2073, 2072 (2002). Claims that "'amplify, clarify, or more clearly focus'" earlier complaints are appropriate, but "'[a]llegations of new acts of discrimination, offered as the essential basis for the requested judicial review are not appropriate.'" *Wu v. Thomas*, 863 F.2d 1543, 1547 (11th Cir. 1989) (quoting *Ray v. Freeman*, 626 F.2d 439, 443 (5th Cir. 1980)).

We review a district court's denial of a motion to amend a complaint for abuse of discretion, but "[t]he underlying legal conclusion of whether a particular

amendment to the complaint would have been futile is reviewed *de novo*."

*Corsello v. Lincare, Inc.*, 428 F.3d 1008, 1012 (11th Cir. 2005) (per curiam).

After a review of the record and consideration of the parties' briefs, we conclude that the district court correctly determined that Gay's two continuous discrimination claims based on the failure to promote were futile. Both of the claims were based upon discrete acts. One occurred in March 2005, more than 180 days before Gay's August 7, 2006 administrative charge, and was therefore time-barred. The other occurred in April 2007, was not included in his administrative charge, and was therefore not administratively exhausted. Consequently, the district court did not abuse its discretion in refusing Gay's motion to amend his complaint to include these claims.

**AFFIRMED.**