[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 10-14763
Non-Argument Calendar

_____

| FILED |
| U.S. COURT OF APPEALS |
| ELEVENTH CIRCUIT |
| JUNE 1, 2011 |
| JOHN LEY |
| CLERK |

D.C. Docket No. 1:09-cv-03083-JEC

UNITED STATES OF AMERICA,
Ex rel,
a.k.a. Seal 1,

Plaintiff,

DARROL OLSEN,
Individually,
a.k.a. Seal 2,

Plaintiff - Appellant,

versus

LOCKHEED MARTIN CORPORATION,
a.k.a. Seal A,

Defendant - Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(June 1, 2011)

Before EDMONDSON, BARKETT and ANDERSON, Circuit Judges.

PER CURIAM:

Darrol Olsen appeals from the dismissal of his *qui tam* complaint alleging that Lockheed Martin Corporation ("Lockheed") submitted false or fraudulent claims for payment to the United States Air Force ("USAF") under its contract for the production of the F-22 Raptor aircraft ("F-22") in violation of the False Claims Act (the "FCA"), 31 U.S.C. § 3729 *et seq*. Upon review of the parties' briefs and the record in this case, we affirm.

When the government declined the opportunity to intervene in this action, Olsen served his complaint on Lockheed raising the following allegations: In 1991, Lockheed entered into a contract with the USAF for the delivery of 648 F-22's at the approximate cost of $87 billion. From September 1995 to July 1999 Olsen worked as a senior engineer at Lockheed on the F-22 project. Olsen alleged that during that time, Lockheed used inferior coatings on the F-22 that when tested showed significant problems that could not be repaired. He alleged the proper coatings were critical to the F-22's low observability or "stealth" capability. Olsen alleged that he reported these problems to his superiors, who in turn ignored his findings and instead on three separate occasions during meetings that were attended by unnamed Air Force officials, misrepresented that the coatings were

2

fine and any problems could be remedied. Olsen alleged more broadly that the failure of the coatings and Lockheed's misrepresentations to the USAF continued the entire time he worked at Lockheed and also at least through October 2004 and "likely to the present date." Olsen alleged that Lockheed's misrepresentations about the coatings constitute false claims under the FCA because the stealth feature of the F-22 is the essence of this aircraft and it is generally known that Lockheed has been paid, in part, under its contract with the USAF.

The district court dismissed Olsen's complaint finding that he had failed to plead his allegations of FCA fraud with the particularity required by Federal Rule of Civil Procedure 9(b). See United States ex rel. Clausen v. Lab. Corp. of Am., 290 F.3d 1301, 1308-10 (11th Cir. 2002) (holding that FCA claims are subject to the pleading requirements of Rule 9(b)). Specifically, the district court found that Olsen failed to provide any of the required details concerning his allegation that false claims were actually submitted for payment to the USAF in that he did not plead any dates or amounts of bills that were submitted under the Lockheed F-22 contract. Alternatively, the district court concluded that Olsen's allegations as to claims submitted by Lockheed during his time of employment from 1995 to 1999 were barred by the FCA's six year statute of limitations, 31 U.S.C. § 3731(b)(1), and that the remaining allegations pertaining to fraudulent claims submitted

3

through October 2004 were insufficiently plead not only under the heightened pleading requirements of Rule 9(b) but also under Rule 8.

We review de novo the district court's dismissal of a complaint brought pursuant to the FCA. Corsello v. Lincare, Inc., 428 F.3d 1008, 1012 (11th Cir. 2005). We have previously said that to avoid dismissal of a FCA claim, a relator such as Olsen must plead "facts as to time, place, and substance of the defendants' alleged fraud, specifically, the details of the defendants' allegedly fraudulent acts, when they occurred, and who engaged in them." United States ex rel. Sanchez v. Lymphatx, Inc., 596 F.3d 1300, 1302 (11th Cir. 2010) (quoting Clausen, 290 F.3d at 1310). Here, the district court found that Olsen adequately pled that during the time he worked at Lockheed between 1995 and 1999 the coatings used on the F-22's were defective but that Olsen failed to allege sufficient specifics of the who, what, where and when of alleged false statements made by Lockheed to the USAF. Moreover, the district court found that Olsen failed to allege any details as to when and for what amount requests for payments were submitted by Lockheed to the USAF.

We see no reversible error in the district court's determination that Olsen failed to plead with the requisite particularity as to the alleged false statements and false claims for payment for the time period between 1995 and 1999. Even if we

presume that Olsen adequately pled the circumstances surrounding an alleged scheme by Lockheed to use inferior coatings on the F-22 and not reveal their associated problems, we do not see that he has met his burden under Rule 9(b) in pleading sufficiently particular facts that the alleged misrepresentations made by Lockheed officials in the company of unnamed Air Force officials played any role in the USAF's payments under the F-22 contract. At most he alleges, on information and belief, that Lockheed submitted progress bills and milestone bills for payment and that on information and belief, the USAF paid these claims. He does not allege the amount of the claims, the number of claims presented nor dates on when such claims were made. He does not make any allegations regarding the terms of payment under the F-22 contract nor more importantly what, if any, representations were made by Lockheed at the time it sought payment under the contract and how those representations were false or fraudulent. He also has not provided a copy of the contract or any of the alleged claims for payment . Finally, he does not allege that he has any personal knowledge of the payment terms or billing practices of Lockheed under the F-22 contract. The lack of such allegations is fatal to his FCA complaint.[1] Accordingly, under this circuit's

---

[1] See e.g., Clausen, 290 F.3d at 1311 ("Rule 9(b)'s directive that the circumstances constituting fraud or mistake shall be stated with particularity does not permit a False Claims Act plaintiff merely to describe a private scheme in detail but then to allege simply and without any

precedent we cannot say that the district court erred in dismissing Olsen's FCA complaint as to the claims for the time period between 1995 and 1999.

We likewise see no reversible error in the district court's dismissal under Rule 9(b) of Olsen's claim that Lockheed submitted fraudulent claims for payment for the time period after the end of his employment and continuing through at least October 2004 and likely to the present date. As to this time period, the district court found that Olsen failed to allege a single specific false statement made by Lockheed. Rather, Olsen broadly alleged based on information and belief that Lockheed continued to misrepresent that the coatings were meeting requirements and any problems were reparable. We agree that Olsen's allegations related to the time period of 1999 through 2004 and possibly to the present lack the requisite particularity of the who, what, where, when and how of either any false statements

---

stated reason for his belief that claims requesting illegal payments must have been submitted, were likely submitted or should have been submitted to the Government."); Corsello, 428 F.3d at 1013-14 (finding that allegations based on "information and belief" did not provide an "indicia of reliability" as to the actual submission of fraudulent claims where the relator also failed to allege the "who," "what," "where," "when," and "how" of fraudulent submissions to the government); and United States ex rel. Atkins v. McInteer, 470 F.3d 1350 (11th Cir. 2006) (affirming the dismissal under Rule 9(b) of relator's FCA complaint that described an elaborate scheme for defrauding the government through the submission of false claims but failed to allege with particularity that claims for payment based on the alleged fraudulent activities were actually submitted).

6

or presentment for payment of a fraudulent claim and therefore were properly dismissed.[2]

Moreover, because we affirm the district court's dismissal of the entirety of Olsen's complaint on the basis that Olsen failed to plead his FCA claim with the requisite particularity under Rule 9(b), we need not address the district court's alternative basis for dismissing the 1995-1999 claims as barred by the FCA's statute of limitations.[3]

**AFFIRMED.**

---

[2] Olsen argues that the district court erred in failing to take judicial notice of the facts that Lockheed has sold and delivered to the USAF approximately 187 F-22 aircraft for a cost of $62 billion between the time period of 1999 to 2010. Olsen relied on several newspaper articles and a congressional report for these facts. He argues that these facts provide a sufficient indicia of reliability that support his allegation that Lockheed submitted one or more actual false claims for payment to the USAF. Even if we assume that the district court erred in refusing to take judicial notice of these facts, we do not see how they would cure the deficiencies in Olsen's complaint. Even if it is true that the USAF has paid Lockheed $62 billion for 187 F-22 aircraft, those facts do not show that any false claims for payment were submitted, why such claims are false, the amount of such claims or when they were paid.

[3] Olsen also argues on appeal that the district court erred in concluding that he relied on the wrong version of the FCA in his complaint. Provisions of the FCA were amended on May 20, 2009 as part of the Fraud Enforcement and Recovery Act ("FERA"). The district court correctly noted that FERA expressly provides that two of the amended provisions apply only to claims filed after May 20, 2009 and that as to the third provision, this circuit has held in Hopper v. Solvay Pharm. Inc., 588 F.3d 1318, 1327 n.3 (11th Cir. 2009), that it is retroactive only as to claims pending for payment on or after June 7, 2008. Because the allegations pertaining to activities through October 2004 and likely to the present date are at best general and lacking the requisite specificity, the district court correctly applied the pre-FERA version of the FCA to Olsen's complaint.

7