[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 17, 2011
JOHN LEY
CLERK

No. 10-13617
Non-Argument Calendar

_____

D.C. Docket No. 1:09-cv-21349-PAS

EMILIO PINERO,

Plaintiff - Appellant,

versus

4800 WEST FLAGLER L.L.C.,

Defendant - Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(June 17, 2011)

Before BARKETT, MARCUS and WILSON, Circuit Judges.

PER CURIAM:

Emilio Pinero, a left-leg amputee, brought an action under Title III of the

Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12181–12189, against

4800 West Flagler L.L.C. ("Defendant"). Pinero alleged that he was denied access to Defendant's premises because of barriers that existed at the facility, which was built before the enactment of the ADA. The district court conducted a bench trial in July 2010. At the close of Pinero's case, Defendant moved for judgment as a matter of law,[1] and the court granted that motion. Pinero raises a number of issues

---

[1] Though Defendant's motion was styled a "Motion for Judgment as a Matter of Law," and the judgment is alternatively characterized on appeal as a "directed verdict" and a "judgment as a matter of law," we will treat it as a judgment on partial findings pursuant to Federal Rule of Civil Procedure 52(c).

Rule 52(c) provides:

> **Judgment on Partial Findings.** If a party has been fully heard on an issue during a nonjury trial and the court finds against the party on that issue, the court may enter judgment against the party on a claim or defense that, under the controlling law, can be maintained or defeated only with a favorable finding on that issue. The court may, however, decline to render any judgment until the close of the evidence. A judgment on partial findings must be supported by findings of fact and conclusions of law as required by Rule 52(a).

Rule 52(a)(1) explains that "[t]he findings and conclusions may be stated on the record after the close of the evidence or may appear in an opinion or a memorandum of decision filed by the court."

There are a number of differences between the two rules and their corresponding motions. Rule 52 explicitly applies to bench trials, whereas Federal Rule of Civil Procedure 50 explicitly applies to jury trials. We review Rule 50(a) motions *de novo*, *see Abel v. Dubberly*, 210 F.3d 1334, 1337 (11th Cir. 2000) (per curiam), but Rule 52(c) motions present mixed questions of law and fact, so we review factual findings for clear error and conclusions of law *de novo*. *See Veale v. Citibank, F.S.B.*, 85 F.3d 577, 579 (11th Cir. 1996). Finally, "[i]n addressing a Rule 52(c) motion, the court does not view the evidence in the light most favorable to the nonmoving party, as it would in . . . a Rule 50(a) motion for judgment as a matter of law; instead, it exercises its role as factfinder." *United States v. $242,484.00*, 389 F.3d 1149, 1172 (11th Cir. 2004) (en banc).

The Rule 50(a) rubric requires the court to draw all inferences in the nonmoving party's favor, but Rule 52(c) has no such requirement. *See id.* Therefore, to the extent that the district court treated Defendant's motion as requesting a Rule 50(a) judgment as a matter of law, the mistake benefitted Pinero.

on appeal,[2] which we address in turn.

## I. Motion to Amend

First, Pinero argues the district court erred in denying his motion to amend his complaint to add an additional defendant. We review the denial of a motion to amend for abuse of discretion. *Corsello v. Lincare, Inc.*, 428 F.3d 1008, 1012 (11th Cir. 2005) (per curiam).

The district court did not abuse its discretion in denying Pinero's motion to amend. The court's scheduling order imposed a deadline for amending pleadings, chosen by the parties, of September 28, 2009. Pinero sought to add Raimundo Gonzalez, the sole member of the Defendant L.L.C., on March 4, 2010—more than five months after the deadline. When a motion to amend is filed after a scheduling-order deadline, Federal Rule of Civil Procedure 16 controls. *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1418 n.2 (11th Cir. 1998) (per curiam). Under

---

[2] Several of these issues relate to the substance of Title III of the ADA, which explains that, for facilities that existed before the statute's enactment, "discrimination includes a private entity's 'failure to remove architectural barriers . . . where such removal is readily achievable.'" *Gathright-Dietrich v. Atlanta Landmarks, Inc.*, 452 F.3d 1269, 1273 (11th Cir. 2006) (quoting 42 U.S.C. § 12182(b)(2)(A)(iv)) (alteration in original). Accordingly, to meet the initial burden of production in a Title III action, a plaintiff must show (1) that an architectural barrier exists, and (2) that the proposed method of architectural barrier removal is "readily achievable," which means "easily accomplishable and able to be carried out without much difficulty or expense." *Id.* (quoting 42 U.S.C. § 12181(9)); *see generally* 42 U.S.C. § 12181(9) (listing factors to be considered in evaluating whether removal of a barrier is readily achievable). "If the plaintiff meets this burden, the defendant then bears the ultimate burden of persuasion that barrier removal is not 'readily achievable.'" *Gathright-Dietrich*, 452 F.3d at 1273.

Rule 16, scheduling orders may be modified only for good cause, and only when the schedule "cannot 'be met despite the diligence of the party seeking the extension.'" *Id.* at 1418 (quoting Fed. R. Civ. P. 16 advisory committee's notes). Pinero makes no attempt on appeal to demonstrate good cause, and our review indicates that the court did not abuse its discretion in finding none existed.

## II. Evidentiary Issues

Next, Pinero raises three evidentiary issues, namely, whether the court erred (1) in determining Pinero's expert, David Goldfarb, was not qualified to testify as to whether the proposed modifications to Defendant's property were "readily achievable"; (2) in excluding the testimony of Robert Oransky; and (3) in precluding Mr. Goldfarb from testifying about the cost estimate Mr. Oransky prepared. We review evidentiary rulings, including the exclusion of expert testimony, for abuse of discretion. *Rink v. Cheminova, Inc.*, 400 F.3d 1286, 1291 (11th Cir. 2005); *Tran v. Toyota Motor Corp.*, 420 F.3d 1310, 1315 (11th Cir. 2005).

The district court did not abuse its discretion in precluding Mr. Goldfarb from testifying as to what proposed changes to Defendant's facility were readily achievable. District courts act as "gatekeepers" under Federal Rule of Evidence

4

702 and *Daubert*[3] to admit expert testimony only if it is both reliable and relevant; we give district courts "considerable leeway" in executing this duty. *Rink*, 400 F.3d at 1291. Mr. Goldfarb testified that it was neither his expertise nor his role to make the determinations necessary to establish whether the barrier removal would be readily achievable. Accordingly, the district court did not abuse its discretion in limiting Mr. Goldfarb's testimony at trial.

Nor did the district court abuse its discretion in excluding Mr. Oransky's testimony or in precluding Mr. Goldfarb from considering his cost estimates. Federal Rule of Civil Procedure 26(a)(1) requires parties to disclose, among other things, individuals likely to have discoverable information that the disclosing party may use to support its claims or defenses, as well as supporting documents, items, and information. Rule 26(a)(2) establishes additional disclosure requirements for expert witnesses, including the submission of a written report outlining, among other things, the expert's opinions, the basis and reasons therefor, and the data or other information considered in forming them. If a party fails to meet Rule 26's disclosure requirements, Federal Rule of Civil Procedure 37(c)(1) prohibits that party from "us[ing] that information or witness to supply evidence . . . at a trial, unless the failure was substantially justified or is harmless."

---

[3] *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 113 S. Ct. 2786 (1993).

*Mee Indus. v. Dow Chem. Co.*, 608 F.3d 1202, 1221 (11th Cir. 2010). Because Pinero failed to disclose Mr. Oransky—as either a fact witness or an expert—during discovery, and because he has failed to demonstrate that this failure to comply with Rule 26's disclosure requirements was substantially justified or harmless, we cannot say that the district court abused its discretion in either ruling.

### III.  Judgment on Partial Findings

Finally, Pinero argues the district court erred in granting Defendant's motion for judgment. A Rule 52(c) motion for judgment on partial findings presents a mixed question of law and fact; we review the district court's factual findings for clear error and its conclusions of law *de novo.  See Veale v. Citibank, F.S.B.*, 85 F.3d 577, 579 (11th Cir. 1996).

After hearing arguments on Defendant's motion for judgment following the close of Pinero's case, the district court recounted testimony pertaining to each alleged barrier. It then reiterated Pinero's burden under *Gathright-Dietrich*: "the plaintiff has the initial burden of production to show (1) that an architectural barrier exists; and (2) that the proposed method of architectural barrier removal is 'readily achievable,' i.e., 'easily accomplishable and able to be carried out without much difficulty or expense' under the particular circumstances of the case." 452

6

F.3d at 1273 (quoting *Colo. Cross Disability Coal. v. Hermanson Family Ltd. P'ship I*, 264 F.3d 999, 1007 (10th Cir. 2001)).  Noting the evidentiary deficiencies in Pinero's case, the district court concluded that Pinero failed to meet his burden and that judgment for Defendant was appropriate.  Based on our review, we do not find fault with either the court's factual findings or its conclusions of law.

## IV.  Conclusion

For the foregoing reasons, the judgment of the district court is **AFFIRMED**.