[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 10-15240
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUGUST 8, 2011
JOHN LEY
CLERK

D.C. Docket No. 8:09-cv-00032-VMC-AEP

HUGH MCGINLEY, Individually, and as Personal
Representative of the Estate of Kevin P. McGinley,
GILLIAN MCGINLEY,

                                        Plaintiffs–Appellants,

versus

STATE OF FLORIDA DEPARTMENT OF
HIGHWAY SAFETY AND MOTOR VEHICLES,
FLORIDA HIGHWAY PATROL,
MARK OBER, State Attorney for the
Thirteenth Judicial Circuit of the State of Florida,

                                        Defendants–Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(August 8, 2011)

Before TJOFLAT, CARNES and KRAVITCH, Circuit Judges.

PER CURIAM:

Kevin P. McGinley died the morning of February 13, 1998 after being struck by a UPS truck on Interstate 275 in Tampa, Florida. On November 10, 2008, Kevin's parents, Hugh and Gillian McGinley, sued the Florida Highway Patrol (FHP) and Mark Ober, in his capacity as State Attorney, in Florida state court under 42 U.S.C. § 1983. The McGinleys alleged that the FHP and Ober violated their constitutional rights by denying them access to the courts as a result of their grossly negligent investigations into Kevin's death. Had the FHP's investigation not been grossly negligent, the McGinleys contend that they could have pursued a wrongful death action against the people they believe are responsible for Kevin's death. And had Ober's investigation not been grossly negligent, the McGinleys contend that those responsible for Kevin's death would have been criminally prosecuted. The defendants removed the case to federal court and moved to dismiss the case. The plaintiffs responded and asked for leave to amend in the event that the court decided to dismiss their complaint. The district court dismissed the McGinleys' lawsuit because it found that they had filed suit outside the statute of limitations and denied leave to amend. We affirm in part and dismiss in part, but for different reasons.[1]

---

[1] We may affirm on any ground supported by the record. *Ironworkers Local Union 68 v. AstraZeneca Pharms., LP*, 634 F.3d 1352, 1360 (11th Cir. 2011).

## I.

Section 1983 allows claims against any person who, acting under color of state law, deprives another of a constitutional or federal statutory right. 42 U.S.C. § 1983. But a state or state agency is not a "person" against whom a § 1983 claim may be brought. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1981). The Florida Highway Patrol is a state agency, and as such the McGinleys can not bring a § 1983 claim against it.[2] Accordingly, they have failed to state a claim upon which relief can be granted and the district court did not err in dismissing the McGinley's claim against the FHP.

## II.

We now turn to the McGinleys' § 1983 claim against Ober. The McGinleys claim that had Ober thoroughly investigated their son's death, he would have brought criminal charges against those people who the McGinleys believe are responsible. Ober's decision not to prosecute, however, did not legally injure the McGinleys and thus they do not have standing to sue him.[3]

In order to prevail on a § 1983 action for denial of access to the courts, a

---

[2] The plaintiffs allege in their complaint that the FHP is a state agency, and we would be hard pressed to conclude otherwise even if they did not.

[3] Although the defendants did not raise this argument, we are nonetheless obligated to consider whether we have subject-matter jurisdiction. *AT&T Mobility, LLC v. Nat'l Assoc. for Stock Car Auto Racing, Inc.*, 494 F.3d 1356, 1360 (11th Cir. 2007).

plaintiff must show that he had a right of access to the courts that was denied as a result of interference by state actors. *Chappell v. Rich*, 340 F.3d 1279, 1283 (11th Cir. 2003). Although the McGinleys could have brought a wrongful death suit against those people they believed responsible for Kevin's death, the McGinleys could not have brought criminal charges against them. *See Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) ("[A] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another."); *State v. Cain*, 381 So.2d 1361, 1367 (Fla. 1980) ("[T]he discretion of a prosecutor in deciding whether and how to prosecute is absolute in our system of criminal justice."). Because only Ober could have brought charges, the McGinleys did not have a right of access to the courts to bring criminal charges and they suffered no legal injury as a result of his actions. And without a legal injury the McGinleys are without standing to pursue this claim. *Amnesty Int'l USA v. Battle*, 559 F.3d 1170, 1177 (11th Cir. 2009). Therefore we do not have jurisdiction and we must dismiss that claim.

### III.

We review the district court's decision to not allow the McGinleys to amend their complaint for abuse of discretion and the district court's conclusion that leave to amend would be futile *de novo*. *Corsello v. Lincare, Inc.*, 428 F.3d 1008, 1012 (11th Cir. 2005).

4

In this case, the district court denied leave to amend and concluded that filing an amended complaint would be futile because it would still fall outside the statute of limitations.  In our circuit a request for leave to amend is not properly made when it is "imbedded within an opposition memorandum," as it was here. *Rosenberg v. Gould*, 554 F.3d 962, 967 (11th Cir. 2009) (quoting *Posner v. Essex Ins. Co.*, 178 F.3d 1209, 1222 (11th Cir. 1999)).  But even if it had been, a plaintiff must set forth the substance of the proposed amendment or attach a copy of the proposed amended complaint.  *Atkins v. McInteer*, 470 F.3d 1350, 1362 (11th Cir. 2006).  The plaintiffs here did neither and as such the district court properly exercised its discretion in denying leave to amend.

**AFFIRMED in part, DISMISSED in part.**