[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-14231
Non-Argument Calendar
_____

D.C. Docket No. 0:12-cv-61011-KMW


MARGARET JALLALI,
Relator,

                                        Plaintiff - Appellant,

versus

SUN HEALTHCARE GROUP,
SUNDANCE REHABILITATION AGENCY, INC.,
SUNDANCE REHABILITATION CORPORATION,
DOES 1-500,

                                        Defendants - Appellees.


_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(July 1, 2016)

Before HULL, MARCUS and BLACK, Circuit Judges.

PER CURIAM:

Plaintiff Margaret Jallali, proceeding as *qui tam* relator on behalf of the Unites States, appeals the district court's order dismissing with prejudice her First Amended Complaint, which sought relief under the False Claims Act, 31 U.S.C. §§ 3729, *et. seq* (FCA) and several common law theories.  Jallali contends the district court erred in concluding that the complaint fails to allege with sufficient particularity that the Defendants in fact presented the Government with a false claim for payment.[1]  After review,[2] we affirm.

Under binding precedent,[3] each element of an FCA claim must meet the pleading standard of Rule 9(b), Federal Rules of Civil Procedure.  *United States ex rel. Clausen v. Lab. Corp. of Am., Inc.*, 290 F.3d 1301, 1309 (11th Cir. 2002).  Thus, "a plaintiff must plead facts as to time, place, and substance of the

---

[1] By failing to identify any error regarding the district court's dismissal of her common law claims, Jallali has waived her challenge to the dismissal of Counts V–VII.  *See Jones v. Sec'y, Dept. of Corr.*, 607 F.3d 1346, 1353–54 (11th Cir. 2010).  We therefore summarily affirm the district court's order as to these counts.

[2] We review *de novo* a district court's dismissal for failure to state a claim upon which relief can be granted.  *Corsello v. Lincare, Inc.*, 428 F.3d 1008, 1012 (11th Cir. 2005).  We must accept as true all allegations of fact in the complaint.  *Id*.

[3] We are unpersuaded by any suggestion that an unpublished opinion of this Court in any way alters the law as stated in a prior, published opinion of this Court.  *See U.S. ex rel. Atkins v. McInteer*, 470 F.3d 1350, 1358 n.15 (11th Cir. 2006) (noting that an unpublished opinion is not binding precedent and cannot supersede a published opinion from a prior panel).  Where, as here, we have binding precedent specifically addressing the legal issue, we seek no guidance from unpublished opinions.

defendant's alleged fraud." *Id.* at 1310 (quotation marks omitted); *see also Corsello*, 428 F.3d at 1014 (affirming the district court's dismissal where the plaintiff "failed to allege the 'who,' 'what,' 'where,' 'when,' and 'how' of fraudulent submissions to the government"). We disregard conclusory statements regarding a defendant's alleged fraudulent submissions to the Government and require a "factual basis for [the] conclusory statement." *Clausen*, 290 F.3d at 1312. Stated another way, "if Rule 9(b) is to be adhered to, some indicia of reliability must be given in the complaint to support the allegation of *an actual false claim* for payment being made to the Government." *Id.* at 1311 (emphasis in original); *see also Corsello*, 428 F.3d at 1013 ("Because it is the submission of a fraudulent claim that gives rise to liability under the False Claims Act, that submission must be pleaded with particularity and not inferred from the circumstances.").

In the complaint, Jallali alleges personal knowledge of *patients* who were billed for services not rendered. Jallali also generally alleges personal knowledge of the Defendants' "billing fraud." But the closest thing in the complaint to a specific allegation that the Defendants in fact presented the Government with a false claim for payment is Jallali's allegation that she "had a reliable indication that claims were fraudulently submitted to Medicare for payments by Defendant because [Jallali] was privy to the internal billing practices [of] Defendant as the

Director of Rehab and Therapy Department for Defendant." A "reliable indication" based on a plaintiff's access to a defendant's "billing practices" is far too vague to meet the requirements of Rule 9(b). *See Corsello*, 428 F.3d at 1013 ("Although we construe all facts in favor of the plaintiff when reviewing a motion to dismiss, we decline to make inferences about the submission of fraudulent claims because such an assumption would strip all meaning from Rule 9(b)'s requirements of specificity." (quotation marks omitted)). Jallali fails to allege the "who, what, where, when, and how" of any specific false claim for payment and fails to allege that her general conclusion that the Defendants submitted to the Government false claims for payment is supported by anything other than conjecture or inference.

As in *Clausen*, Jallali provides voluminous documents and allegations regarding improper internal practices. Also as in *Clausen*, "nowhere in the blur of facts and documents . . . can one find any allegation, stated with particularity, of a false claim actually being submitted to the Government." *Id.* at 1312. Absent an allegation, stated with particularity, that the Defendants presented a false claim for payment to the Government, Jallali has failed to state claim for relief under the FCA. Accordingly, the district court did not err in dismissing Counts I–IV of Jallali's First Amended Complaint.

**AFFIRMED.**

4