[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 18-10756
Non-Argument Calendar
_____

D.C. Docket No. 1:17-cv-24398-DPG

WALTER LEE WRIGHT,

Plaintiff-Appellant,

versus

CRISTINA MIRANDA,
Circuit Judge,
MAUREEN TULLOCH,
Deputy Clerk,
JOHN/JON DOE,
Clerk of Court,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(July 10, 2018)

Before TJOFLAT, WILSON, and NEWSOM, Circuit Judges.

PER CURIAM:

Walter Lee Wright, a state prisoner proceeding pro se, appeals the sua sponte dismissal of his 42 U.S.C. § 1983 action, which he filed in the Middle District of Florida against Florida Circuit Judge Cristina Miranda, Deputy Clerk Maureen Tulloch, and an unnamed clerk of court.  On appeal, Wright argues that the district court erred when it transferred his case to the Southern District of Florida, and that it erred in dismissing his complaint for failure to state a claim without giving him leave to amend.  Upon thorough review of Wright's brief and the record, we affirm.

I.

We review a district court's decision to transfer a case for abuse of discretion.  *Roofing & Sheet Metal Servs., Inc. v. La Quinta Motor Inns, Inc.*, 689 F.2d 982, 985 (11th Cir. 1982).  As a general matter, cases arising under federal law may be brought only in a district where: (1) the defendant resides; (2) a substantial part of the events giving rise to the claim took place; or (3) the defendant may be found.  28 U.S.C. § 1391(b).  A district court may transfer a civil action to an appropriate venue if it determines that the action was filed in the wrong district.  28 U.S.C. § 1406(a).

2

Here, it was appropriate for the district court to transfer Wright's case to the Southern District.  Wright sued Judge Miranda and two court clerks for events that occurred in the Eleventh Judicial Circuit in Miami-Dade County, Florida.  This is also where Judge Miranda and the clerks reside.  Because both the defendants and a substantial part of the events giving rise to the claim were located in the Southern District, the district court properly determined that the case should be transferred there.  *See* 28 U.S.C. §§ 1391(b)(1), (2).

## II.

We review de novo a district court's sua sponte dismissal under 28 U.S.C. § 1915A(b)(1) and 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim.  *Leal v. Georgia Dep't of Corr.*, 254 F.3d 1276, 1278–79 (11th Cir. 2001) (per curiam).  We review a district court's decision regarding leave to amend a complaint for abuse of discretion, but its underlying conclusion of whether a particular amendment would be futile is reviewed de novo.  *Corsello v. Lincare, Inc.*, 428 F.3d 1008, 1012 (11th Cir. 2005) (per curiam).

Under § 1915(e)(2)(B)(ii), a district court must dismiss a case in which the plaintiff is proceeding in forma pauperis if the court determines that the complaint fails to state a claim on which relief may be granted.  Similarly, under § 1915A, a district court must dismiss a case where a prisoner seeks redress from the government if the complaint fails to state a claim on which relief may be granted.

3

To avoid dismissal for failure to state a claim, a complaint must contain factual allegations that, when accepted as true, allow the court to draw the reasonable inference that the defendant is liable for the alleged misconduct. *Waldman v. Conway*, 871 F.3d 1283, 1289 (11th Cir. 2017) (per curiam).  A pro se pleading is liberally construed, but it still must suggest that there is some factual support for a claim.  *Id.*

To state a claim for relief under § 1983, a plaintiff must show that he was deprived of a federal right by a person acting under color of state law.  *Griffin v. City of Opa-Locka*, 261 F.3d 1295, 1303 (11th Cir. 2001).  "Judges are entitled to absolute judicial immunity from damages for those acts taken while they are acting in their judicial capacity unless they acted in the clear absence of all jurisdiction. *Bolin v. Story*, 225 F.3d 1234, 1239 (11th Cir. 2000) (per curiam) (internal quotation marks omitted).  This immunity also extends to court clerks for "acts they are specifically required to do under court order or at a judge's direction." *Tarter v. Hury*, 646 F.2d 1010, 1013 (5th Cir. 1981).[1]

A district court may properly deny leave to amend the complaint when such an amendment would be futile.  *Hall v. United Ins. Co. of Am.*, 367 F.3d 1255,

---

[1] *See Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc) (holding that all decisions of the "old Fifth" Circuit handed down prior to the close of business on September 30, 1981, are binding precedent in the Eleventh Circuit).

1262–63 (11th Cir. 2004).  Amendment would be futile if the amended complaint would still be subject to dismissal.  *Id.* at 1263.

Here, the district court did not err when it dismissed Wright's case for failure to state a claim without leave to amend.   None of the conclusory facts that Wright has alleged indicate that Judge Miranda ever acted in the clear absence of jurisdiction when she denied his motions.  *See Bolin*, 225 F.3d at 1239.  Likewise, the clerks acted at Judge Miranda's direction when she ruled on Wright's motions; therefore, their actions are also protected by absolute immunity.  *See Tarter*, 646 F.2d at 1013.  Finally, although Wright alleged that the clerks failed to perform a mandatory duty, he did not specify what the duty was.  Even liberally construed, there is no support for this allegation.  *See Waldman*, 871 F.3d at 1289.  Judge Miranda and the court clerks were protected by absolute immunity, and an amended complaint would remain subject to dismissal.  Accordingly, we affirm the dismissal of Wright's claims and the denial of leave to amend.

## III.

The district court did not abuse its discretion in transferring Wright's case to the Southern District of Florida.  Nor did it commit any error in dismissing Wright's claims without granting him leave to amend.

**AFFIRMED.**

5