[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 21-10535

Non-Argument Calendar

_____

SONIA COBB,

Plaintiff-Appellant,

*versus*

JAYBEZ F. FLOYD,
individually and in his official capacity as
Superintendent of Hart County Charter System,
HART COUNTY SCHOOL DISTRICT,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Georgia
D.C. Docket No. 3:19-cv-00049-CDL

_____

Before LAGOA, BRASHER, and ANDERSON, Circuit Judges.

PER CURIAM:

Sonia Cobb appeals the district court's grant of summary judgment to her employers, Jaybez Floyd and the Hart County School District (collectively, "the Defendants"), on her claims of race discrimination under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2, 42 U.S.C. §§ 1981, 1983, and the Fourteenth Amendment Equal Protection Clause and the court's denial of her motion to amend her complaint. First, she argues that the court erred by granting summary judgment on her Title VII claims because she established a prima facie case of discrimination and successfully rebutted the Defendants reasons for her transfer. Second, she argues that the court erred by granting summary judgment on her § 1981, § 1983, and Equal Protection Clause claims for the same reasons it erred by granting summary judgment on her Title VII claim. Third, she argues that the court erred by denying her motion to amend her complaint as futile because it erred by determining that her race discrimination claims failed.

I.

We review an order granting summary judgment *de novo.* *Vessels v. Atlanta Indep. Sch. Sys.*, 408 F.3d 763, 767 (11th Cir. 2005). When reviewing *de novo* a district court's grant of summary judgment, we apply the same legal standards applied by the district court. *Alvarez v. Royal Atl. Devs., Inc.*, 610 F.3d 1253, 1263 (11th Cir. 2010).

Under Title VII, certain private employers are barred from discriminating against their employees because of their race. 42 U.S.C. § 2000e-2(a). Where direct evidence of discrimination is not available, "a plaintiff may prove [her] case through circumstantial evidence using the burden-shifting framework established in *McDonnell Douglas.*"[1] *E.E.O.C. v. Joe's Stone Crabs, Inc.*, 296 F.3d 1265, 1272 (11th Cir. 2002). Under this framework, if an employee makes out a *prima facie* case of discrimination, and the employer articulates one or more non-discriminatory reasons for its actions, then the plaintiff bears the burden of showing pretext. *Rojas v. Florida*, 285 F.3d 1339, 1342 (11th Cir. 2002).

To establish a *prima facie* case, the plaintiff bears the initial burden to show "(1) that she belongs to a protected class, (2) that she was subjected to an adverse employment action, (3) that she was qualified to perform the job in question, and (4) that her employer

---

[1] *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973).

treated 'similarly situated' employees outside her class more favorably." *Lewis v. City of Union City*, 918 F.3d 1213, 1220–21 (11th Cir. 2019) (*en banc*). Alternatively, the plaintiff can establish the fourth prong by showing she "was replaced by a person outside [her] protected class." *Maynard v. Bd. of Regents of Div. of Univ. of Fla. Dep't of Educ.*, 342 F.3d 1281, 1286 (11th Cir. 2003). A transfer to a different position can be adverse "if it involves a reduction in pay, prestige, or responsibility." *Hinson v. Clinch Cnty. Bd. of Educ.*, 231 F.3d 821, 829 (11th Cir. 2000).

When an employer offers multiple reasons for its action, the plaintiff must show that each reason was pretextual to avoid summary judgment. *Chapman v. AI Transp.*, 229 F.3d 1012, 1037 (11th Cir. 2000) (*en banc*). To demonstrate pretext, a plaintiff must show that the defendant's proffered reason is false, and that the true reason was discriminatory. *St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 515 (1993). Specifically, a plaintiff must rebut an employer's reason "head on" and "cannot succeed by simply quarreling with the wisdom of that reason." *Chapman*, 229 F.3d at 1030. To satisfy this burden, the plaintiff may "demonstrate 'such weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions in the employer's proffered legitimate reasons for its action that a reasonable factfinder could find them unworthy of credence.'" *Alvarez*, 610 F.3d at 1265 (quoting *Combs v. Plantation Patterns*, 106 F.3d 1519, 1538 (11th Cir. 1997)).

Even if Cobb met her burden to establish a *prima facie* case of race discrimination, Defendants offered legitimate,

nondiscriminatory reasons for her transfer that Cobb failed to rebut. "So long as the employer articulates 'a clear and reasonably specific' non-discriminatory basis for its actions, it has discharged its burden of production." *Vessels*, 408 F.3d at 770 (quoting *Tex. Dep't of Cmty. Affs. v. Burdine*, 450 U.S. 248, 254–55 (1981)). Defendants did so here. It is undisputed that Cobb had performance-related issues including struggling to meet multiple deadlines throughout the year. And Defendants raised additional concerns related to student discipline and low teacher morale. Cobb failed to rebut these reasons "head on." *Chapman*, 229 F.3d at 1030. Cobb provided no evidence that Defendants' proffered reasons were pretext for impermissible racial discrimination. Cobb attempted to show pretext by arguing that Defendants treated Edwards, a white principal, differently than Cobb. However, Cobb failed to prove that Edwards is "similarly situated in all material respects." *Lewis*, 918 F.3d at 1230. Cobb did not show that Edwards had similar performance-related issues but instead argued Edwards exhibited rude behavior. Accordingly, because Cobb failed to rebut Defendants' legitimate, nondiscriminatory reasons for her transfer, we affirm the district court's grant of summary judgment on Cobb's Title VII claim.

## II.

A party waives an issue on appeal where her only mention of the issue in her brief is a reference to an argument made before the district court. *Greenbriar, Ltd. v. City of Alabaster*, 881 F.2d 1570, 1573 n.6 (11th Cir. 1989).

Race discrimination claims under the Equal Protection Clause and 42 U.S.C. § 1981, brought through 42 U.S.C. § 1983, are subject to the same framework as race discrimination claims brought under Title VII. *Lewis*, 918 F.3d at 1220 n.5. Thus, those claims "rise and fall" with the success or failure of a plaintiff's Title VII claim. *Flowers v. Troup Cnty. Sch. Dist.*, 803 F.3d 1327, 1335 n.7 (11th Cir. 2015).

Here, the district court did not err by granting the Defendants' motion for summary judgment as to her § 1981, § 1983, and Equal Protection Clause claims. As to her 2016 transfer, her brief's passing reference to arguments she made before the district court is insufficient for our review. *See Greenbriar*, 881 F.2d at 1573 n.6. Next, her § 1981, § 1983, and Equal Protection claims based on her 2018 transfer fail for the same reasons her Title VII claim fails. *See Lewis*, 918 F.3d at 1220 n.5; *see Flowers*, 803 F.3d at 1335 n.7. Finally, Cobb's *Monell* claim against the school district appears to rest on her Title VII claim. Because her Title VII claim fails, her *Monell* claim based on that single, allegedly unconstitutional act must also fail. Accordingly, we affirm.

III.

A district court's denial of a motion to amend a complaint is reviewed for abuse of discretion, although "the underlying legal conclusion of whether a particular amendment to the complaint would have been futile is reviewed *de novo*." *Corsello v. Lincare, Inc.*, 428 F.3d 1008, 1012 (11th Cir. 2005).

Here, the district court did not err by denying Cobb's motion to amend her complaint. *See Corsello*, 428 F.3d at 1012. Her amendment proposed—regarding her "42 U.S.C. § 1981 and 42 U.S.C. § 1983" claims brought against Floyd in his individual

21-10535                Opinion of the Court                7

capacity—the addition of the phrase "which is enforced via [§] 1983." That amendment would have been futile because that claim already mentioned § 1983 and the district court interpreted Cobb's § 1981 claim against Floyd as being enforced by § 1983. Accordingly, we affirm.

**AFFIRMED.**