[DO NOT PUBLISH ]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEBRUARY 21, 2012
JOHN LEY
CLERK

No. 10-15657

D.C. Docket No. 9:08-cv-80442-WJZ

GENE KLUSMEIER,
Bringing this Action on Behalf of the United States
of America, State of Florida, U.S. Attorney General,
Florida Attorney General & Florida Chief Financial Officer,
JACQUELINE KLUSMEIER,
Bringing this Action on Behalf of the United States
of America, State of Florida, U.S. Attorney General,
Florida Attorney General & Florida Chief Financial Officer,

Plaintiffs – Appellants,

versus

BELL CONSTRUCTORS, INC.,

Defendant–Appellee.

Appeal from the United States District Court
for the Southern District of Florida

(February 21, 2012)

Before WILSON and COX, Circuit Judges, and RESTANI,[*] Judge.

RESTANI, Judge:

Appellants Gene and Jacqueline Klusmeier ("Relators") appeal the decision of the United States District Court for the Southern District of Florida dismissing with prejudice Relators' Second Amended Complaint for failure to state a claim upon which relief may be granted. The district court adopted the Magistrate Judge's Report and Recommendation ("R&R"), which concluded that Relators failed to allege with particularity, as required by Federal Rule of Civil Procedure 9(b), that Bell Constructors ("Bell" or "Defendant") submitted a false claim to the government. For the following reasons, we affirm.

## BACKGROUND

Relators filed a qui tam action against defendant Bell Constructors, Inc. alleging violations of the False Claims Act ("FCA"), 31 U.S.C. § 3729, et seq. (2006), and the Florida False Claim Act ("FFCA"), Fla. Stat. § 68.081, et seq. (2003).[1]

We summarize the allegations as contained in Relators' Second Amended

---

[*] Honorable Jane A. Restani, Judge of the United States Court of International Trade, sitting by designation.

[1] The district court found the FFCA tracked the federal FCA and applied the same analysis for both. Relators do not dispute this conclusion, and thus, our analysis applies equally to the Florida and federal FCA claims.

Complaint ("Complaint"). This case involves two government contracts awarded to Bell by the United States Army Corps of Engineers for the construction of a pump station ("PS 319 contract") and the construction of levees ("Levee contract"). Under the PS 319 and Levee contracts, Bell was required to perform work according to certain specifications and follow the payment procedures of the Federal Acquisition Regulations ("FAR"). These payment procedures required Bell to submit to the government a monthly request for payment ("monthly invoices"). Additionally, the FAR required Bell to certify, in each monthly invoice, that the payment requested was for work performed according to the contract's specifications.

Relators are corporate officers of Nu-Way Lawns, Inc. ("Nu-Way"), which provides services and materials related to planting grass seed. Nu-Way held a subcontract with Bell to perform work related to the PS 319 and the Levee contracts. Relator Gene Klusmeier alleges that while he completed work under the Nu-Way subcontracts he observed that Bell's work did not comply with the specifications required by the PS 319 and the Levee contracts. Relators allege that Bell billed the government for this non-compliant work and falsely certified that the payment requested was for compliant work only. Count I alleges that Bell knowingly presented monthly invoices for non-compliant work that included false

3

certifications in violation of § 3729(a)(1) of the FCA.  Count II alleges that the false certifications were created with the purpose of getting a false claim paid and caused the government to pay a false claim in violation of § 3729(a)(2) of the FCA.  The district court dismissed both counts for failing to satisfy the particularity requirements of Rule 9(b).  Relators now appeal.

## JURISDICTION AND STANDARD OF REVIEW

We have jurisdiction to review a final order of a district court under 28 U.S.C. § 1291.[2]  We review de novo a dismissal for failure to state a claim upon which relief may be granted.  Corsello v. Lincare, Inc., 428 F.3d 1008, 1012 (11th Cir. 2005) (per curiam) (citing United States ex rel. Clausen v. Lab. Corp. of Am., Inc., 290 F.3d 1301, 1307 n.11 (11th Cir. 2002)).  We accept as true the facts alleged in the complaint and construe the facts in the light most favorable to the plaintiff.  Corsello, 428 F.3d at 1013; White v. Lemacks, 183 F.3d 1253, 1255 (11th Cir. 1999).

## DISCUSSION

The FCA imposes liability on any person who, inter alia,

> (1) knowingly presents, or causes to be presented, to an officer or employee of the United States Government . . . a false or fraudulent

---

[2]  The district court had jurisdiction over the federal and state FCA claims under 28 U.S.C. § 1331 and 31 U.S.C. § 3732.

claim for payment or approval [or];

> (2) knowingly makes, uses, or causes to be made or used, a false record or statement to get a false or fraudulent claim paid or approved by the Government[.]

31 U.S.C. § 3729 (a)(1)–(2).[3] The purpose of the FCA is to encourage private citizens to expose fraud against the government, while preventing opportunistic suits by individuals who hear of fraud through public sources but played no part in exposing it. Cooper v. Blue Cross & Blue Shield of Fla., Inc., 19 F.3d 562, 565 (11th Cir. 1994) (per curiam). As a result, private individuals, known as relators, can bring suits on their own and the government's behalf.[4] 31 U.S.C § 3730(b)(1).

Complaints alleging violations of the FCA must tackle two pleading hurdles. First, the complaint must contain enough factual allegations, taken as true, to show the right to relief is plausible. Bell Atl. Corp. v. Twombly, 550 U.S.

---

[3] The FCA was amended and renumbered in 2009 by the Fraud Enforcement and Recovery Act of 2009 ("FERA"). Pub. L. No. 111–21, 123 Stat. 1617 (2009). These amendments do not apply retroactively to this case. See id. § 4(f), 123 Stat. at 1625; see also Hopper v. Solvay Pharm., Inc., 588 F.3d 1318, 1323 n.2, 1327 n.3 (11th Cir. 2009). Citations herein refer to the FCA without the 2009 amendments.

[4] A private individual, or relator, may bring what is known as a qui tam action, which means the action is brought on the individual's and the government's behalf. Cooper, 19 F.3d at 565 n.2. Under the FCA's procedures, the relator first files the complaint under seal to allow the government time to investigation and intervene. 31 U.S.C. § 3730(b)(2). If the government declines to intervene, the relator may continue with the action and, if successful, recover between 25 and 30 percent of the judgment or settlement, plus reasonable expenses, attorney fees, and costs. Id. § 3730(c)(3), (d)(2). A FCA violator is also subject to statutory penalties of between $5,000 and $10,000 per claim and treble damages. Id. § 3729(a).

544, 555 (2007). The complaint must do more than a give a formulaic recitation

of the elements of a cause of action or allege facts that merely give rise to a

speculative right of relief. Id. Second, complaints alleging violations of the FCA

must comply with Rule 9(b)'s heightened pleading standard. Clausen, 290 F.3d at

1308–09. Rule 9(b) requires that "[i]n alleging fraud or mistake, a party must state

with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P.

9(b). The purpose of Rule 9(b) is to "alert[] defendants to the precise misconduct

with which they are charged and protect[] defendants against spurious charges . . .

." Ziemba v. Cascade Int'l, Inc., 256 F.3d 1194, 1202 (11th Cir. 2001) (citations

and internal quotations omitted).

## I.    FCA Claims[5]

The district court held the Complaint contained conclusory allegations

relating to the presentment of a false claim and thus, failed to satisfy the

particularity requirements of Rule 9(b). Bell argues that the Relators failed to

support their allegations with sufficient factual specifics, including precise dates

of submissions or the amounts of the submitted claims.

We evaluate whether a complaint has satisfied the pleading requirements of

---

[5] Because Relators failed to establish a false or fraudulent claim or statement, which is a requirement of both § 3729(a)(1) and (a)(2), Relators have failed to properly plead both their FCA claims and we address them together.

Rule 8 and 9(b) on a case-by-case basis. See United States ex rel. Atkins v. McInteer, 470 F.3d 1350, 1358 (11th Cir. 2006). Generally, a complaint must contain "facts as to time, place, and substance of the defendant's alleged fraud, specifically, the details of the defendants' allegedly fraudulent acts, when they occurred, and who engaged in them." Hopper v. Solvay Pharm., Inc., 588 F.3d 1318, 1324 (11th Cir. 2009) (internal quotation marks omitted) (quoting Clausen, 290 F.3d at 1310). Not every violation of a government regulation results in a violation of the FCA. See Corsello, 428 F.3d at 1012 ("Liability under the [FCA] arises from the submission of a fraudulent claim to the government, not the disregard of government regulations or failure to maintain proper internal policies.") (citing Clausen, 290 F.3d at 1311). Thus, FCA complaints must contain sufficient factual allegations to show "*an actual false claim* for payment being made to the government." Atkins, 470 F.3d at 1357 (quoting Clausen, 290 F.3d at 1311).

Here, Relators' allegations fail to show that Bell's monthly invoices actually included a false or fraudulent request for payment. Although Relators allege details as to how Bell violated its contracts, and allege some details as to when the monthly invoices were submitted, Relators fail to establish that the contract violations actually resulted in the submission of false claims. See Atkins, 470

7

F.3d at 1359 (concluding relator failed to establish a link between detailed allegations of improper practices and the actual submission of false claims relating to those violations). Relators merely speculate that because Bell violated the contract in some instances, and because Bell submitted some invoices, false claims "must have been submitted, were likely submitted or should have been submitted . . . ." Clausen, 290 F.3d at 1311. Assuming arguendo that Bell violated the contract and requested payment under the contract, this does not show that Bell's monthly invoices actually billed for the non-compliant work, and we decline to make such an assumption. See id. at 1312 n.21 ("We cannot make assumptions about a False Claims Act defendant's submission of actual claims . . . ."). Thus, the Complaint, despite the inclusion of some detailed factual allegations, has failed to sufficiently plead that Bell's submissions included an actual false or fraudulent claim.

Moreover, Relators lack the type of knowledge that normally will support an FCA complaint. See United States ex rel. Walker v. R&F Properties of Lake Cnty., Inc., 433 F.3d 1349, 1360 (11th Cir. 2005) (noting that knowledge developed from relator's employment by the defendant and conversations with billing employees can support a FCA complaint). Although Relator Gene Klusmeier alleges he was present on the construction site and observed some of

8

the contract violations, his personal knowledge of the contract violations is not relevant to whether Bell submitted fraudulent claims related to those contract violations. See id. (finding personal knowledge of billing practices relevant to allegations of false bills); see also Barys ex rel. United States v. Vitas Healthcare Corp., 298 F. App'x 893, 895 (11th Cir. 2008) (holding that relator's first-hand knowledge of billing practices could not support relator's allegation that the services related to the bills were performed improperly). Thus, Relators' personal knowledge of the contract violations does not support the allegation that Bell submitted requests for non-compliant work.

## II. Leave to Amend

"Ordinarily, a party must be given at least one opportunity to amend before the district court dismisses the complaint." Coresello, 428 F.3d at 1014. Leave to amend, however, need not be granted "(1) where there has been undue delay, bad faith, dilatory motive, or repeated failure to cure deficiencies by amendments previously allowed; (2) where allowing amendment would cause undue prejudice to the opposing party; or (3) where amendment would be futile." Id. (quotation marks omitted).

Here, after the district court dismissed Relators' first complaint for failure to plead fraud with particularity, the court gave Relators an opportunity to amend but

warned Relators that it would not allow a third amended complaint. Relators, therefore, had ample opportunity to state their claim before the district court and were on notice that they had only one additional opportunity to correct the first complaint's deficiencies. Moreover, as the magistrate judge noted, Relators failed to properly request leave to amend by describing the substance of their proposed amendment or attaching a copy to their motion. See Atkins, 470 F.3d at 1362 ("[M]ovant must either attach a copy of the proposed amendment to the motion or set forth the substance thereof."). Under these circumstances we cannot say that the district court abused its discretion in denying Relators' request for leave to file a third amended complaint.

For the foregoing reasons, we **AFFIRM** the district court's dismissal of Relators' complaint with prejudice.