[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-10148
Non-Argument Calendar
_____

D.C. Docket No. 0:11-cv-60342-WPD

DR. MASSOOD JALLALI,

Plaintiff-Appellant,

versus

NOVA SOUTHEASTERN UNIVERSITY, INC.,
DOES, 1 through 500,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____
(August 9, 2012)

Before TJOFLAT, KRAVITCH and COX, Circuit Judges.

PER CURIAM:

Relator Massood Jallali appeals the dismissal with prejudice of his Third

Amended Complaint for failure to state a claim under the False Claims Act ("FCA").

He also challenges the denial of his Fed. R. Civ. P. 59(e) motion to alter or amend the district court's judgment.  No reversible error has been shown.  We affirm.

Jallali attended Nova Southeastern University's School of Osteopathic Medicine from 1998 to 2005, but never obtained a degree.  In 2011, Jallali sued Nova Southeastern University, Inc. under the FCA, 31 U.S.C. § 3729(a)(1) & (2) (1994), *amended by* the Fraud Enforcement and Recovery Act of 2009, Pub. L. No. 111-21, § 4(a)(1), 123 Stat. 1621.  After several months of litigation, Jallali filed his Third Amended Complaint.

Jallali's Third Amended Complaint alleges that Nova Southeastern submitted payment requests for federal student aid that falsely asserted compliance with certain federal regulations.  The complaint identifies two regulations, 34 C.F.R. §§ 602.22 and 668.14, that Nova Southeastern allegedly violated between 1999 and 2009.  The complaint also explains that, to receive federal student aid payments, Nova Southeastern must submit claims for them to the federal government.   Federal regulations require each claim for payment to certify an institution's compliance with applicable federal laws and regulations.  Therefore, the complaint theorizes, Nova Southeastern must have submitted claims for federal student aid which falsely asserted compliance with 34 C.F.R. §§ 602.22 and 668.14.

Nova Southeastern moved to dismiss, claiming, among other things, that the complaint failed to meet the particularity requirements of Fed. R. Civ. P. 9(b). The district court agreed with Nova Southeastern and dismissed the Third Amended Complaint with prejudice.

Jallali then moved to alter or amend the judgment under Rule 59(e). The motion asserts that the district court erred when it refused to consider documents attached to his response to Nova Southeastern's motion to dismiss. The district court denied Jallali's Rule 59(e) motion. Jallali now appeals the court's judgment dismissing his case and its order denying his Rule 59(e) motion.

We review a motion to dismiss de novo. *See Corsello v. Lincare, Inc.*, 428 F.3d 1008, 1012 (11th Cir. 2005) (citation omitted). We review a Rule 59(e) motion to alter or amend a judgment for an abuse of discretion. *See Shuford v. Fid. Nat'l Prop. & Cas. Ins. Co.*, 508 F.3d 1337, 1341 (11th Cir. 2007) (citation omitted).

Jallali first contends the district court erred in dismissing his Third Amended Complaint for failure to comply with Rule 9(b). A complaint alleging a violation of the FCA must meet the particularity requirements of Rule 9(b). *See Corsello*, 428 F.3d at 1012. To satisfy this requirement, "the complaint must allege facts as to time, place, and substance of the defendant's alleged fraud, and the details of the defendants' allegedly fraudulent acts, when they occurred, and who engaged in

3

them." *Id.* (quoting *United States ex rel. Clausen v. Lab. Corp. of Am., Inc.*, 290 F.3d 1301, 1310 (11th Cir. 2002)) (internal quotation marks and alterations omitted). Additionally, the complaint must contain "some indicia of reliability" that a fraudulent claim was actually submitted to the government. *Id.* at 1012, 1014. "Liability under the False Claims Act arises from the submission of a fraudulent claim to the government, not the disregard of government regulations or failure to maintain proper internal policies." *Id.* at 1012 (citation omitted).

*Klusmeier v. Bell Constructors, Inc.*, 2012 WL 555736 (11th Cir. Feb. 21, 2012), is a case similar to this one. In that case, a government contract required the defendant to build certain facilities according to the contract's specifications. The contract also required the defendant to request payment under certain federal regulations. These regulations required the defendant to certify compliance with the contract's specifications each time he requested payment. The complaint in *Klusmeier* alleged that the defendant failed to build the facilities to specifications, and that the defendant submitted invoices under that contract. The relator then theorized that "false claims must have been submitted, were likely submitted or should have been submitted." *Id.* at *3 (quoting *Clausen*, 290 F.3d at 1311) (internal quotation marks omitted).

4

We held that the complaint failed to comply with the particularity requirements of Rule 9(b). *Id.* at *3. We declined to assume that the defendant actually billed for any noncompliant work and described the relator's claim as mere speculation. *Id.* Furthermore, we noted that the relator lacked "the type of knowledge that normally will support an FCA complaint." *Id.* Though the relator had personal knowledge that the defendant violated the contract, the relator lacked any knowledge of the defendant's billing practices. *Id.*

In this case, Jallali alleges that Nova Southeastern failed to comply with 34 C.F.R. §§ 602.22 and 668.14.[1] He further alleges that federal regulations required Nova Southeastern to certify compliance with §§ 602.22 and 668.14 each time it requests federal student aid payments. Finally, he alleges that Nova Southeastern did request federal student aid payments. But, these allegations do not satisfy Rule 9(b) under our precedent. Jallali's complaint does not allege facts identifying the time, place, or substance of the allegedly fraudulent claims for payment. The complaint does not allege facts showing that Nova Southeastern actually certified compliance with §§ 602.22 and 668.14. Nor does the complaint allege that noncompliance with these regulations renders Nova Southeastern ineligible to receive federal student aid

---

[1] Nova Southeastern contends that §602.22 does not apply to it, and therefore, it has not violated that regulation. Because we conclude that Jallali's complaint failed to comply with Rule 9(b), we need not decide this question.

payments.  Nor does Jallali possess personal knowledge of Nova Southeastern's billing practices.

We see no substantive distinction between *Klusmeier* and this case.  Of course, *Klusmeier* is an unpublished opinion and not binding precedent.  But, we find it persuasive and have no reason to reach a different result here.  Thus, we affirm the dismissal with prejudice of Jallali's Third Amended Complaint for failure to comply with Rule 9(b).

Jallali next contends that the district court abused its discretion when it denied his Rule 59(e) motion.  In that motion, Jallali asked the court to consider certain documents not attached to his Third Amended Complaint.  But, as the district court pointed out, a party cannot amend a complaint by attaching documents to a response to a motion to dismiss.  *See Fin. Sec. Assur., Inc. v. Stephens, Inc.*, 500 F.3d 1276, 1284 (11th Cir. 2007) (citation omitted).  Therefore, the district court did not abuse its discretion in denying this motion.

Finally, Jallali contends the district court erred when it dismissed his Third Amended Complaint without the Attorney General's consent.  *See* 31 U.S.C. § 3730(b)(1).  We disagree.  The consent requirement in § 3730(b)(1) applies only to voluntary dismissals.  *See United States ex rel. Shaver v. Lucas W. Corp.*, 237 F.3d 932, 934 (8th Cir. 2001); *United States v. Health Possibilities, P.S.C.*, 207 F.3d 335,

344 (6th Cir. 2000); *Minotti v. Lensink*, 895 F.2d 100, 103 (2d Cir. 1990); *Richardson v. Capital Health Care*, 2008 WL 3471777, at *1 (N.D. Fla. 2008).

Jallali has not shown reversible error. Therefore, the judgment of the district court is affirmed.

AFFIRMED.