[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-11472
Non-Argument Calendar
_____

D.C. Docket No. 1:13-cv-00497-MHS


RONALD E. GOVAN,

Plaintiff - Appellant,

versus

PENSIONS ANNUITIES & SETTLEMENTS LLC,
PENSION LOANS LLC,
CASH FLOW INVESTMENT PARTNERS LLC,
CFIP, LLC,
LUMPSUM-SETTLEMENTS.COM,
SCOTT KOHN, et al.,

Defendants - Appellees.


_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(September 30, 2013)

Before HULL, JORDAN and KRAVITCH, Circuit Judges.

PER CURIAM:

Ronald Govan, proceeding *pro se*, appeals the district court's dismissal of his complaint under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted.  Because an amended complaint might state a claim under the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. § 1962, the district court erred by dismissing Govan's complaint without first granting leave to amend.  Therefore, we vacate the dismissal and remand with instructions that the court grant Govan leave to amend his complaint.

Govan alleged that Pensions, Annuities & Settlements, LLC ("PAS"), conspiring with the other defendants, submitted a forged form to the United States Office of Personnel Management, which managed his life insurance policy, indicating that he had assigned his entire life insurance policy to PAS.  Govan claimed he assigned only a portion of the policy to PAS.  Govan grounded his complaint on criminal statutes, including 18 U.S.C. §§ 1341 (mail fraud) and 1343 (wire fraud).  Because Govan was proceeding *in forma pauperis*, the district court *sua sponte* reviewed his complaint under § 1915(e) and found it did not state a claim because the criminal statutes on which he relied did not provide a private right of action.  The district court refused to grant Govan leave to amend because it found any amendment would be futile.  Therefore, the court dismissed the complaint with prejudice.  This is Govan's appeal.

2

We review *de novo* a dismissal under § 1915(e)(2)(B)(ii), viewing the allegations in the complaint as true. *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997). "Ordinarily, a party must be given at least one opportunity to amend before the district court dismisses the complaint." *Corsello v. Lincare, Inc.*, 428 F.3d 1008, 1014 (11th Cir. 2005). A district court need not grant leave to amend where amendment would be futile. *Cockrell v. Sparks*, 510 F.3d 1307, 1310 (11th Cir. 2007). We review the district court's futility determination *de novo*. *Id.* "*Pro se* pleadings are held to a less stringent standard . . . and will, therefore, be liberally construed." *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998).

Govan argues that the district court should have granted him leave to amend his complaint before dismissing it with prejudice because he could have pleaded a RICO claim. We agree. "[I]n order to establish a federal civil RICO violation under § 1962(c), the plaintiff[] must satisfy four elements of proof:  (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity." *Williams v. Mohawk Indus., Inc.*, 465 F.3d 1277, 1282 (11th Cir. 2006) (internal quotation marks omitted). In addition, a RICO plaintiff "must show (1) the requisite injury to business or property, and (2) that such injury was by reason of the substantive RICO violation." *Id.* at 1283 (internal quotation marks omitted).

Govan alleged that PAS, as part of a conspiracy with the other defendants, engaged in fraud to deprive him of his life insurance policy, and in so doing committed acts of racketeering activity, including wire and mail fraud. *See* 18 U.S.C. § 1961(1)(B). And Govan argues that the conspiracy's pattern of racketeering is ongoing and affects many other individuals. In our view, Govan could plead facts in an amended complaint to establish that the defendants, acting as an enterprise, engaged in a pattern of racketeering activity that caused injury to Govan's property. *See Williams*, 465 F.3d at 1282. Because a more carefully drafted complaint might state a claim under RICO, Govan must be granted leave to amend. *See Corsello*, 428 F.3d at 1014; *see also Bank v. Pitt*, 928 F.2d 1108, 1112 (11th Cir. 1991), *overruled in part as applicable to counseled complaints, by Wagner v. Daewoo Heavy Indus. Am. Corp.*, 314 F.3d 541, 542 & n.1 (11th Cir. 2002) (*en banc*). However, we expressly have no opinion as to whether Govan will ultimately be able to state a RICO claim. We can say only the record at this early juncture has not established the requisite futility requirement.

We accordingly vacate the district court's dismissal and remand with instructions that Govan be permitted to file an amended complaint.

**VACATED AND REMANDED.**