[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-13392
Non-Argument Calendar
_____

D.C. Docket No. 5:12-cv-00315-WTH-PRL


ROOSEVELT SIMMONS,

                                                          Plaintiff-Appellant,

versus

K. CIMOCK,
Unit Manager,
FNU WILLIAMS,
Captain,
D.B. DREW,

                                                          Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(August 14, 2014)

Before JORDAN, ROSENBAUM and BLACK, Circuit Judges.

PER CURIAM:

Roosevelt Simmons, a federal prisoner proceeding pro se, appeals the district court's dismissal of his civil rights complaint filed pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), alleging that the defendants, various prison officials and staff, illegally took a sample of his DNA shortly after the commencement of his incarceration. Upon review,[1] we affirm.

The district court did not err in dismissing the complaint with prejudice pursuant to Rule 12(b)(6) because the defendants were acting within the scope of their authority in obtaining a DNA sample, *see* 42 U.S.C. § 14135a; 28 C.F.R. § 28.12, and Simmons has failed to show that the defendants' actions violated any clearly-established constitutional rights, *see Andujar v. Rodriguez*, 486 F.3d 1199, 1202-03 (11th Cir. 2007). Simmons argues the defendants should have sought to obtain his DNA sample closer to his release date rather than shortly after his arrival at the prison, but he has not shown any authority establishing this rule, nor has he shown that a violation of this rule amounts to a constitutional violation sufficient to support a claim under *Bivens*, 403 U.S. at 397. Accordingly, the defendants are entitled to qualified immunity from Simmons' claim, and the district court did not err in dismissing the complaint. Moreover, the district court did not err in

---

[1] We review de novo the grant of a motion to dismiss under Fed. R. Civ. P. 12(b)(6) for failure to state a claim, accepting the complaint's allegations as true and construing them in the light most favorable to the plaintiff. *Spain v. Brown & Williamson Tobacco Corp.*, 363 F.3d 1183, 1187 (11th Cir. 2004).

dismissing without leave to amend because Simmons never requested leave to amend his complaint to remedy any deficiencies, *see Access Now, Inc. v. Sw. Airlines Co.*, 385 F.3d 1324, 1331 (11th Cir. 2004), and because the record gives no indication that an amendment would not have been futile, *see Corsello v. Lincare, Inc.*, 428 F.3d 1008, 1014 (11th Cir. 2005).

**AFFIRMED.**