**LUXOTTICA GROUP, S.p.A., an Italian Corporation, and Oakley, Inc., a Washington Corporation, Plaintiffs,**

v.

**AIRPORT MINI MALL, LLC, a Georgia Limited Liability Company doing business as Old National Discount Mall, Yes Assets, LLC, a Georgia Limited Liability Company, Chienjung Yeh, also known as Jerome Yeh, and Donald Yeh, Individually, Defendants.**

CIVIL ACTION NO. 1:15-cv-1422-AT

United States District Court,
N.D. Georgia, Atlanta Division.

Signed March 4, 2016

David Rosemberg, Broad and Cassel, PL-M. Fl, John David Farrish, Quintairos, Prieto, Wood & Boyer, P.A.-ATL, Rachel R. Krause, Lewis, Brisbois, Bisgaard & Smith, LLP-GA, for Plaintiff.

Melissa Cordell Patton, Andrei Vlad Ionescu, Marvin Dewayne Dikeman, Webb Zschunke Neary & Dikeman, LLP, Robert Usher Wright, Katz Stepp Wright & Fleming, LLC, Louis Emerson Bridges, Law Office of Louis E. Bridges LLC, for Defendant.

## ORDER

Amy Totenberg, United States District Judge

This is an action for contributory infringement under the Lanham Act against the owners and operators of an indoor flea market/discount mall. It is before the Court on Plaintiffs' Motion for Leave to File Amended Complaint pursuant to Fed. R. Civ. P. 15(a) [Doc. 53]. For the following reasons, the Motion is **GRANTED**.

### I. FACTUAL BACKGROUND

Plaintiff Luxottica Group S.p.A. ("Luxottica") is engaged in the manufacture, marketing, and sale of luxury eyewear, including the well-known Ray-Ban brand of sunglasses. (Compl. ¶ 13.) Plaintiff Oakley Inc. ("Oakley") manufacturers, distributes, and sells sports eyewear and other merchandise. (*Id.* ¶ 24.) On April 29, 2015, Plaintiffs filed their original Complaint al-

leging contributory trademark infringement by Defendants, who collectively own and operate an indoor flea market known as the Old National Discount Mall (the "Discount Mall") in College Park, Georgia. (*Id.* ¶ 1.) Plaintiffs allege that vendors at the Discount Mall have sold and continue to sell an array of counterfeit goods, including "knock-off" Ray-Ban and Oakley sunglasses. (*Id.* ¶ 2.)

According to Plaintiffs' original Complaint, the United States Department of Homeland Security and the College Park Police Department raided the Discount Mall in November of 2014 and discovered over 8,000 units of counterfeit merchandise, including Ray-Ban and Oakley merchandise, in vendors' booths, resulting in the arrest of 16 vendors. (*Id.* ¶¶ 35-37.) Plaintiffs allege that Defendants and multiple vendors are "distributing, advertising, publicly displaying, offering for sale, and/or selling sunglasses bearing [Plaintiffs'] Trademarks" without Plaintiffs' authority or permission. (*Id.* ¶¶ 37, 41-44.) Plaintiffs allege that on December 9, 2014, they sent a cease and desist letter to the Defendants. (*Id.* ¶ 40.) Plaintiffs further allege that their investigators have returned to the Discount Mall on subsequent occasions after the November 2014 raid and the December 2014 cease and desist letter and were still able to buy counterfeit Ray-Ban merchandise. (*Id.* ¶¶ 41-43.)

Plaintiffs filed their Motion for Leave to File Amended Complaint on January 25, 2016 ten days after the close of discovery. In the proposed Amended Complaint, Plaintiffs seeks to: (1) add "putative" defendants Jenny Yeh and Alice Jamison on the basis that Ms. Yeh and Ms. Jamison jointly manage, control and operate Yes Assets, LLC, and Airport Mall, LLC, along with Defendants Jerome Yeh and Donald Yeh, (2) clarify the relationship of Airport Mini Mall, LLC, Yes Assets, LLC, Jerome Yeh, Jenny Yeh, Alice Jamison and Donald Yeh and their collective contribution to and facilitation of the promotion and sale of counterfeit Ray-Ban and Oakley products at the Discount Mall, and (3) provide additional details regarding visits by Plaintiffs' investigators to the Discount Mall to purchase counterfeit merchandise, including an instance that took place in October, 2015 after this lawsuit was filed.

## II. LEGAL STANDARD

■■■ Rule 15(a) of the Federal Rules of Civil Procedure provides that a party may amend its pleading (1) once as a matter of course within 21 days after serving it, or (2) 21 days after service of a motion or responsive pleading. Fed. R. Civ. P. 15(a)(1). If a party seeks to amend its pleading outside these time limits, it may do so only by leave of court or by written consent of the adverse party. Fed. R. Civ. P. 15(a)(2). "The court should freely give leave when justice so requires." *Id.*; accord *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962); *Shipner v. E. Air Lines, Inc.*, 868 F.2d 401, 406–407 (11th Cir.1989) ("Rule 15(a) severely restricts the district court's freedom, directing that leave to amend shall be freely given when justice so requires."). Rule 15(a)'s liberal policy of "permitting amendments to facilitate determination of claims on the merits circumscribes the exercise of the district court's discretion; thus, unless a substantial reason exists to deny leave to amend, the discretion of the district court is not broad enough to permit denial." *Id.* at 407. Thus, the Court should deny leave to amend only where the amendment will result in undue delay, bad faith, undue prejudice, a repeated failure to cure deficiencies by amendments previously allowed, or futility. *Foman*, 371 U.S. at 182, 83 S.Ct. 227; *Hall v. United Ins. Co. of Am.*, 367 F.3d 1255, 1263 (11th Cir.2004) ("[D]enial of leave to amend is justified by futility when the complaint as amended is

still subject to dismissal.") (quoting *Burger King Corp. v. Weaver*, 169 F.3d 1310, 1320 (11th Cir.1999)); *cf. Bryant v. Dupree*, 252 F.3d 1161, 1163–64 (11th Cir.2001) (reversing district court's decision to deny leave to amend a complaint because there was no evidence of prejudice to the defendant).

▉▉▉▉ A complaint is futile, inter alia, if it would be subject to dismissal for failing to state a claim for which relief can be provided. *See Corsello v. Lincare, Inc.*, 428 F.3d 1008, 1015 (11th Cir.2005) (affirming district court's denial of leave to amend a qui tam relator's FCA complaint because proposed amendments "failed to plead specific instances of fraudulent submissions to the government"); *see also Mizzaro v. Home Depot, Inc.*, 544 F.3d 1230, 1255 (11th Cir.2008) ("Because justice does not require district courts to waste their time on hopeless cases, leave may be denied if a proposed amendment ... fails to state a claim."); Ashcroft v. Iqbal, 556 U.S. 662, 679, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) ("Determining whether a complaint states a plausible claim for relief will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."). *Iqbal* requires more than facts that are "merely consistent with a defendant's liability" to achieve plausibility. *Id.* at 678, 129 S.Ct. 1937 (internal quotations omitted). Whether to permit amendment is a legal determination for the Court, subject to de novo appellate review. *Mizzaro*, 544 F.3d at 1236.

### III. DISCUSSION

Plaintiffs recently learned about the involvement of Defendant Jerome Yeh's wife, Jenny Yeh, and his daughter, Alice Jamison, in the management and operation of the Discount Mall during the depositions of the parties conducted the week of December 14, 2015. As some of the testimony was disputed or inconsistent, Plaintiffs sought to confirm the relationship of the parties and their duties through documents produced in early to mid-January 2016. According to Plaintiffs, these documents confirmed the facts necessary to support a finding of liability against Jenny Yeh and Alice Jamison for contributory trademark infringement. Plaintiffs' theory of liability for Jenny Yeh and Alice Jamison under 15 U.S.C. § 1114 for contributory infringement is the same as that of the Principle Defendants Jerome and Donald Yeh.

Defendants oppose the Motion to Amend, arguing that: (1) Plaintiffs unduly delayed in seeking to add Ms. Yeh and Ms. Jamison after discovering their roles in December, (2) Plaintiffs' proposed Amended Complaint lacks any facts to establish that Jenny Yeh and Alice Jamison are "moving forces" behind Discount Mall's infringing activities, and (3) contrary to Plaintiffs' assertion, the addition of these Defendants will require the reopening of discovery.

▉▉▉▉ Defendants contend that Plaintiffs "were fully aware of the facts which they now claim support adding Jenny Yeh and Alice Jamison as defendants *long before expiration of the discovery period*"—i.e. by December 14-15, 2015. (Resp. at 5-6) (emphasis added.) Essentially, Defendants assert that because Plaintiffs waited until after they received documents in January verifying Jenny Yeh and Alice Jamison's positions with the Defendant companies, Plaintiffs were not diligent in moving to add them as defendants. The Court disagrees. Plaintiffs did not unduly delay in seeking leave to amend their complaint within 10 days after the receipt and review of documents Plaintiffs characterize as necessary to confirm their the basis for asserting claims against Jenny Yeh and Alice Jamison as owners/operators/managers of the Discount Mall along with Jerome and Donald Yeh.

Defendants further object to the assertion of contributory infringement claims against Jenny Yeh and Alice Jamison solely because of their actions in signing leases and checks on behalf of Airport Mini Mall, LLC, and Yes Assets, LLC. Under certain circumstances, "[l]iability for trademark infringement can extend beyond those entities that actually perform the acts of infringement." *Mini Maid Servs. Co. v. Maid Brigade Sys., Inc.*, 967 F.2d 1516, 1522 (11th Cir.1992) (citing *Inwood Labs., Inc. v. Ives Labs., Inc.*, 456 U.S. 844, 854, 102 S.Ct. 2182, 72 L.Ed.2d 606 (1982) ("Thus, if a manufacturer or distributor intentionally induces another to infringe a trademark, or if it continues to supply its product to one who it knows or has reason to know is engaging in trademark infringement, the manufacturer or distributor is contributorially [sic] responsible for any harm done as a result of the deceit.")). Some courts have extended liability for contributory trademark infringement to owners and operators of flea markets and other locations where vendors sold counterfeit goods. *See, e.g., Hard Rock Cafe Licensing Corp. v. Concession Servs., Inc.*, 955 F.2d 1143, 1149–1150 (7th Cir.1992) (applying *Inwood* liability test for contributory trademark infringement to the owners of a flea market where counterfeit items were sold); (*Fonovisa, Inc. v. Cherry Auction, Inc.*, 76 F.3d 259, 264–265 (9th Cir.1996) (adopting *Hard Rock Cafe's* application of contributory trademark infringement liability to operators of a swap meet); *Coach Inc. v. Swap Shop, Inc.*, 916 F.Supp.2d 1271, 1279 (S.D.Fla.2012) (holding that plaintiffs stated a facially plausible claim that owners and operators of a flea market were either willfully blind of Lanham Act violations or had actual knowledge of them, and were therefore liable for contributory trademark infringement). Corporate officers can be held personally liable for contributory trademark infringement. *Babbit Electronics, Inc. v. Dynascan Corp.*, 38 F.3d 1161, 1184 (11th Cir.1994) ("[A] corporate officer who directs, controls, ratifies, participates in, or is the moving force behind the infringing activity, is personally liable for such infringement without regard to piercing the corporate veil.").

Here, Plaintiffs assert that liability is premised on the theory that Ms. Yeh as an owner of Yes Assets, LLC, and Airport Mini Mall, LLC, and Ms. Jamison as a manager of those entities are moving forces behind the Discount Mall's infringing activities. Plaintiffs allege that Jenny Yeh is the owner of Defendants Yes Assets, LLC, and Airport Mini Mall, LLC, along with her husband Jerome Yeh. According to Plaintiffs, Jenny Yeh actively makes business decisions on behalf of Yes Assets, by preparing checks and disbursing Yes Asset's funds. Jenny Yeh sets the rental rate for each of the shopping center's vendors. Along with her husband, Jenny Yeh uses monies from Airport Mini Mall, LLC to pay for personal expenses and federal and state income taxes. Plaintiffs allege that Alice Jamison manages the day-to-day affairs of Defendant Yes Assets, LLC, including managing the shopping center property, collecting rent, leasing spaces, and working with the City. Jamison also executed two leases for the property between Defendants Yes Assets, LLC, and Airport Mini Mall, LLC, and is identified as the manager of Airport Mini Mall, LLC on both lease agreements. According to Plaintiffs, pursuant to Defendant Airport Mini Mall LLC's lease agreements with its vendors, Airport Mini Mall retains the right to control what is sold at the Discount Mall. Although Airport Mini Mall has a rule that prohibits sale of counterfeit merchandise, it relies on its vendors to police themselves, and has never evicted vendors for selling counterfeit merchandise. Airport Mini Mall and Yes Assets

both admit that they were notified by Plaintiffs and other brand owners, including Nike, Coach and Louis Vuitton that items bearing counterfeit trademarks were being offered for sale at the Discount Mall, but failed to take any action with respect to the illegal sale of counterfeit Ray-Ban and Oakley sunglasses after receiving a cease and desist letter from Plaintiffs.

Plaintiffs allege that following the seizure of thousands of counterfeit sunglasses and the arrest of several vendors at the Discount Mall in 2014 for selling knock-off Ray-Ban and Oakley sunglasses, Plaintiffs' investigators have similarly observed sales of infringing merchandise on at least five separate occasions in the period March 26, 2015 to October 15, 2015. Even after Plaintiffs had transmitted a cease and desist letter addressed to the "Owner/Manager" of the Old National Discount Mall on December 14, 2014 (and again on April 22, 2015 as alleged in the proposed Amended Complaint), Plaintiffs' investigator observed on several return visits to the Discount Mall numerous vendors engaged in the sale of counterfeit Ray-Ban sunglasses. As the ownership and management structure of the Discount Mall can be traced to a handful of individuals including Jenny Yeh and Alice Jamison, and as both the 2014 law enforcement action and Plaintiffs' cease and desist letters placed the discount mall's owners and managers on proper notice of the continuing sales of counterfeit merchandise, the Court finds that the allegations establish a plausible, if still thinly developed, factual basis upon which Ms. Yeh and Ms. Jamison potentially may be individually and contributorily responsible for the alleged Lanham Act trademark infringement violations.

Simply put, the Amended Complaint allegations raise a plausible inference that Jenny Yeh as an alleged joint owner and Alice Jamison as an alleged joint manager of Yes Assets LLC, and Airport Mini Mall,

LLC, controlled or ratified the continuing sales of counterfeit goods within the Discount Mall premises, or alternatively were placed on notice of the ongoing infringement activity and turned a blind eye to the companies' contractual vendors' overt, ongoing trademark infringement activity. If, as Defendants arguments imply, the evidence shows that Ms. Yeh and Ms. Jamison actually were in no position to control the vendors, Plaintiffs' claims against them will ultimately fail. But for now, the Court concludes that allowing the proposed Amended Complaint would not be futile. Therefore, Plaintiffs' Motion for Leave to File Amended Complaint is **GRANTED**.

## IV. CONCLUSION

For the foregoing reasons, Plaintiffs' Motion for Leave to File Amended Complaint [Doc. 53] is **GRANTED**. The Clerk is **DIRECTED** to file the proposed Amended Complaint [Doc. 53-1] on the docket as of the date of this Order.

**IT IS SO ORDERED** this 4th day of March, 2016.