[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 18-11581
Non-Argument Calendar
_____

D.C. Docket No. 1:17-cv-03239-LMM

TRACY L. CHAMBERS,

Plaintiff-Appellant,

versus

CHEROKEE COUNTY,
LORI THOMPSON,
JERRY COOPER,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(July 30, 2018)

Before MARCUS, NEWSOM, and JULIE CARNES, Circuit Judges.

PER CURIAM:

The district court granted Defendants' Rule 12(b)(6) Motions to Dismiss for Failure to State a Claim and Plaintiff Tracy Chambers timely appealed.  After careful consideration, we affirm.

## I

At the time that she filed her Amended Complaint, Chambers was a Certified Employee Benefits Specialist with a Georgia insurance license and worked for Defendant Cherokee County as a Benefits and Compensation Manager. Among other tasks, Chambers' duties included counseling and managing employees regarding personnel-benefits matters, negotiating with brokers and vendors regarding healthcare budgeting, analyzing benefits plans, and reporting benefit-plan-related problems to the county commissioners.

According to Chambers' Amended Complaint—the contents of which we accept as true when reviewing the district court's grant of defendants' motion to dismiss, *see, e.g.*, *Corsello v. Lincare, Inc.*, 428 F.3d 1008, 1012 (11th Cir. 2005)—Defendant Jerry Cooper, the Cherokee County Manager, "hired Defendant Lori Thompson as the Human Resources Director for Cherokee County" even though "Defendant Thompson had neither the training nor the experience for the position."  Cooper then "ordered [Chambers] that she should not make any reports to the county commissioners," an order that "required [Chambers] to not carry out her duties and not fulfill her fiduciary duty to the county."  Furthermore,

2

"Defendants Cooper and Thompson began making demands on [Chambers] that were improper and in some cases illegal," and "[w]hen [Chambers] refused to violate the law, Defendant Cooper began to harass her at work."  This alleged harassment took the form of complaints about Chambers' performance and unwarranted withholding of a $5,000 raise.  Finally, Thompson and Cooper eventually terminated Chambers, the "published reason" for which "was that she was guilty of violation of policy, unethical conduct, gross conflict of interest that might rise to the level of theft, providing untruthful information for an employee, and insurance fraud."

Based on the above allegations, Chambers filed suit alleging the following causes of action against Cherokee County, Thompson, and Cooper (together, "Defendants"): (1) "conspiracy to deprive [Chambers] of her constitutional rights to equal protection and due process of law"; (2) "depriv[ation] of [Chambers'] rights to freedom of speech"; (3) violations of O.C.G.A. § 45-1-4, the Georgia Whistleblower statute; (4) breach of contract; and (5) violation of Chambers' "constitutional rights to due process and equal protection" because Defendants made false criminal charges "in retaliation for [Chambers] filing the original complaint."  In response, Defendants filed two Motions to Dismiss for Failure to State a Claim—one from Cherokee County and one from Thompson and Cooper—which the district court considered collectively and eventually granted.

3

In granting Defendants' 12(b)(6) motions, the district court determined that Chambers had "fail[ed] to respond to Defendants' equal protection, due process, and conspiracy arguments" and had therefore abandoned those claims. Regarding Chambers' First Amendment argument, the district court determined that Chambers "neither spoke as a citizen nor on a matter of public concern, barring her from stating a First Amendment retaliation claim." The court then declined to exercise supplemental jurisdiction over Chambers' two state-law claims (Counts 3 and 4—violation of a Georgia statute and breach of contract, respectively) and dismissed them without prejudice. Chambers timely appealed.

## II

"[T]his Court reviews de novo a dismissal for failure to state a claim upon which relief may be granted. On a motion to dismiss for failure to state a claim, we accept as true the facts as alleged in the complaint." *Corsell*, 428 F.3d at 1012 (internal citations, quotation marks omitted).

## A

The district court correctly determined that Chambers abandoned her equal protection, due process, and conspiracy arguments by failing to address Defendants' contentions against them before the district court. *See, e.g.*, *Coal. for the Abolition of Marijuana Prohibition v. City of Atlanta*, 219 F.3d 1301, 1326 (11th Cir. 2000) ("The appellants' failure to brief and argue this issue during the

4

proceedings before the district court is grounds for finding that the issue has been abandoned.").[1]  Moreover, Chambers' opening brief on appeal fails to contest the district court's abandonment determination, providing this Court an alternative ground to affirm the abandonment of those claims.  *See Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 680 (11th Cir. 2014) ("When an appellant fails to challenge properly on appeal one of the grounds on which the district court based its judgment, he is deemed to have abandoned any challenge of that ground, and it follows that the judgment is due to be affirmed.").

**B**

Nor did the district court err in dismissing Chambers' First Amendment argument for failure to state a claim.  "[T]he law is well-established that the state may not demote or discharge a public employee in retaliation for speech protected under the [F]irst [A]mendment."  *Bryson v. City of Waycross*, 888 F.2d 1562, 1565 (11th Cir. 1989).  But "[w]hen a citizen enters government service, the citizen by necessity must accept certain limitations on his or her freedom."  *Garcetti v.*

---

[1] Additionally, we disagree with Chambers' assertion that because Defendant Cherokee County attached exhibits to its motion to dismiss (specifically, the exhibits contained certified copies of the County's personnel policies manual, the notice of termination letter sent to Plaintiff, and the letter from County Manager Jerry Cooper to Plaintiff upholding Plaintiff's termination the district court necessarily "violated the standard of review."  Br. of Appellant at 10-12.  First, Chambers points to nothing in the district court's opinion to suggest that the court relied on any material beyond Chambers' Amended Complaint.  But even if the district court had relied on those exhibits, under our Court's "incorporation by reference" doctrine Chambers' failure to challenge the documents' authenticity would have permitted the district court to properly incorporate the documents by reference into the Amended Complaint.  *See Horsley v. Feldt*, 304 F.3d 1125, 1134 (11th Cir. 2002).

5

*Ceballos*, 547 U.S. 410 (2006). "To state a claim that a government employer took disciplinary action in retaliation for constitutionally protected speech, a public employee must prove, as a threshold matter, that the employee spoke as a citizen on a matter of public concern." *Abdur-Rahman v. Walker*, 567 F.3d 1278, 1281–82 (11th Cir. 2009). As in *Walker*, "[t]his appeal turns on that threshold inquiry," *id.* at 1282, for "when public employees make statements pursuant to their official duties, the employees are not speaking as citizens for First Amendment purposes, and the Constitution does not insulate their communications from employer discipline," *Garcetti*, 547 U.S. at 421.

Here, Chambers alleges that Defendants terminated her in retaliation for her free speech, thus violating the First Amendment. Importantly, the speech at issue in Chambers' Amended Complaint is her speech to county personnel and commissioners. But as she acknowledges in her Amended Complaint, this speech is part of her job. Because Chambers' Amended Complaint does not allege that she was speaking or attempting to speak as a private citizen on a matter of public concern, and because her speech fell squarely within the scope of her official duties, her allegations do not implicate the First Amendment's protections.

## C

And finally, the district court did not abuse its discretion when it declined to exercise supplemental jurisdiction over Chambers' state-law claims. "A district

court has discretion to dismiss state-law claims when 'all claims over which it has original jurisdiction' have been dismissed." *Crosby v. Paulk*, 187 F.3d 1339, 1352 (11th Cir. 1999) (citing 28 U.S.C. § 1367(c)(3)). Here, the district court thoroughly analyzed and properly dismissed each of Chambers' claims arising under federal law. Because Georgia law applies to claims arising under Georgia statutes and Georgia contract law, the district court was well within its discretion to dismiss those remaining claims without prejudice.

## III

For the foregoing reasons, we **AFFIRM** the district court's judgment.

7