**NOT FOR PUBLICATION**

In the

United States Court of Appeals

For the Eleventh Circuit

————————————————

No. 25-10512

Non-Argument Calendar

————————————————

HUMBERTO REYES,
    An individual,

                                                                        *Plaintiff-Appellant,*

*versus*

ROYAL CARIBBEAN CRUISES, LTD.,
    A Liberian Corporation,

                                                                        *Defendant-Appellee.*

————————————————

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:24-cv-20542-JEM

————————————————

Before JORDAN, ROSENBAUM, and KIDD, Circuit Judges.

PER CURIAM:

2                    Opinion of the Court                    25-10512

Appellant Humberto Reyes was a passenger on one of Appellee Royal Caribbean Cruises, Ltd.'s cruise ships. After disembarking the ship, Reyes was injured while descending an escalator. Reyes sued Royal Caribbean, alleging a single count of negligence. The district court granted Royal Caribbean's motion to dismiss. It concluded that the complaint failed to allege facts sufficient to establish that Royal Caribbean was on notice of an alleged dangerous condition regarding the escalator. The district court also denied Reyes's motion to amend his complaint. It found that his proposed amended complaint didn't remedy the pleading defect and therefore failed to state a cause of action. And because amending the complaint as Reyes proposed would have been futile, the district court directed the clerk of the court to close the case.

Reyes now appeals. After careful consideration, we affirm.

I.

Reyes was a fare-paying passenger on Royal Caribbean's cruise ship "Freedom of the Seas." On February 24, 2023, he disembarked from the ship and headed to Royal Caribbean's terminal in the Port of Miami. According to Reyes, Royal Caribbean employees directed him and other passengers to board an escalator with their luggage, down to a lower floor where the immigration checkpoint and exits were located. Reyes says that, based on the employees' instructions, other passengers got on the escalator close together and at the same time. As a result, passengers and their luggage were on the escalator steps in front of and behind Reyes.

As Reyes approached the bottom of the escalator, the luggage of a passenger directly in front of him became lodged or stuck in one of the escalator steps. Consequently, alarms from the escalator sounded. Still, the escalator continued to operate. A passenger in front of Reyes fell backwards and into another passenger, who then fell into Reyes. Reyes claims he sustained severe and permanent bodily injury as a result of this incident.

Based on these facts, Reyes filed a one-count complaint alleging negligence against Royal Caribbean. In turn, Royal Caribbean moved to dismiss under Rule 12(b)(6), Fed. R. Civ. P. It argued that the complaint failed to state a claim upon which relief could be granted because it didn't sufficiently allege that Royal Caribbean was on notice of the risk-creating condition. Royal Caribbean further argued that the complaint warranted dismissal because it was unclear what the risk-creating condition was. According to Royal Caribbean, the allegations did not make clear whether it was the escalator, the method of directing passengers onto the escalator, the presence of luggage on the escalator, or some combination of all these things that caused the alleged dangerous condition. But no matter what it was, Royal Caribbean contended, the complaint failed to allege that Royal Caribbean was on actual or constructive notice of the dangerous condition.

Rather than addressing the motion substantively, Reyes instead elected to seek leave to file an amended complaint. He claimed the proposed amended complaint "correct[ed] the defects

raised by [Royal Caribbean's] Motion to Dismiss" and rendered the motion to dismiss moot.

Reyes's proposed amended complaint again contained a single count of negligence against Royal Caribbean. The new iteration of the complaint added only two allegations. First, Reyes alleged that, "[a]s a result of overloading the subject escalators with passengers and their luggage, [Royal Caribbean] created a dangerous condition pertaining to the subject escalators." Second, Reyes alleged that Royal Caribbean "knew or should have known that overloading the subject escalator presented a dangerous condition to occupants of the subject escalator."

Royal Caribbean opposed Reyes's motion for leave to amend the complaint. It argued that the amendment would be futile because the proposed amended complaint did not fix the defects with respect to notice and vagueness. As a result, Royal Caribbean urged, the proposed amended complaint would still be subject to dismissal. Reyes did not file a reply to address Royal Caribbean's arguments.

The district court ultimately agreed that both the complaint and proposed amended complaint failed to adequately plead that Royal Caribbean had notice of the alleged dangerous condition. And the court determined that, "[a]s a whole, [Reyes] fail[ed] to properly allege any negligence on [Royal Caribbean's] part." So the district court granted Royal Caribbean's motion to dismiss the complaint.

The court also denied Reyes's motion for leave to amend.  It found that allowing amendment of the complaint as Reyes proposed would be futile.  More specifically, the district court determined that the amended complaint did not contain facts establishing prior substantially similar incidents or that the defective condition existed for a time sufficient to invite corrective measures.  Rather, the court saw the "minimal additions" about notice as "legal conclusion[s] masquerading as fact."  After denying the motion to amend, the district court directed the clerk to close the case.

II.

We review de novo the district court's grant of a motion to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure.  *Ironworkers Local Union 68 v. AstraZeneca Pharm., LP*, 634 F.3d 1352, 1359 (11th Cir. 2011).  In conducting our review, we accept the allegations in the complaint as true and construe them in the light most favorable to the plaintiff.  *Id.*  That said, we need not accept as true allegations in a complaint that are merely legal conclusions. *Ashcroft v. Iqbal*, 556 U.S. 678, 678 (2009).

We usually review for abuse of discretion a district court's denial of a motion to amend a complaint.  *Corsello v. Lincare, Inc.*, 428 F.3d 1008, 1012 (11th Cir. 2005).  But "when the district court denies the plaintiff leave to amend due to futility, we review the denial de novo because it is concluding that as a matter of law an amended complaint would necessarily fail." *Fla. Evergreen Foliage v. E.I. DuPont De Nemours & Co.*, 470 F.3d 1036, 1040 (11th Cir. 2006) (citation omitted).  A request to amend a complaint is futile when

6                    Opinion of the Court                 25-10512

the amended complaint is still subject to dismissal.  *Cockrell v. Sparks*, 510 F.3d 1307, 1310 (11th Cir. 2007).

## III.

On appeal, Reyes contends the district court erred in denying him leave to amend his complaint on the grounds that his proposed amendment was futile.  In short, he asserts that he pled sufficient facts under Rule 8(a)(2) to support his negligence claim.

Reyes acknowledges that typically, as a prerequisite to imposing liability on Royal Caribbean for its negligence, a plaintiff must show that Royal Caribbean had actual or constructive notice of the risk-creating condition.  But he argues that he need not establish notice on Royal Caribbean's part if it created the hazardous condition.

Reyes concedes that he failed to meet the notice requirement by alleging that substantially similar prior incidents involving the escalator had occurred.  Reyes also admits that he could have pled more facts to show that the alarm on the escalator was sounding long enough to place Royal Caribbean on notice of the allegedly dangerous condition, providing sufficient time for Royal Caribbean to take corrective measures.  But Reyes says these pleading deficiencies do not doom his negligence claim.  He argues he can establish constructive notice by pleading that Royal Caribbean created the risk-causing condition.

We disagree.  As we've noted, the district court held that Reyes failed to meet the notice requirements because he didn't allege substantially similar prior incidents involving the escalator.

And on appeal, Reyes concedes that he didn't do so. When, as here, a litigant fails to address the basis for the district court's ruling, he abandons the issue on appeal. *Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 680 (11th Cir. 2014).

As for the issue Reyes raises for the first time on appeal—that he didn't need to show notice because Royal Caribbean created the hazard—Reyes forfeited that. Reyes didn't file a substantive response to Royal Caribbean's motion to dismiss, so he did not present the district court with his newly minted appellate issue. To the contrary, Reyes sought leave to amend his complaint, merely stating that he had "correct[ed] the defects raised by [Royal Caribbean's] Motion to Dismiss." Reyes's contention that he corrected the defects of pleading notice runs contrary to his present position that he is not required to plead notice at all. Reyes likewise did not present to the district court his alternative theory that he could establish constructive notice on Royal Caribbean's part by alleging that it created the dangerous condition.

Generally, we will not consider an issue that a party failed to raise in the district court. *Access Now, Inc. v. Southwest Airlines Co.*, 385 F.3d 1324, 1331 (11th Cir. 2004). That's because we deem issues not raised in the district court to be forfeited. *See id.* And because none of the exceptions to the rule apply here, we conclude that Reyes forfeited the issue that he was not required to plead Royal Caribbean's notice of the allegedly dangerous condition where it created that condition. *Id.* at 1332.

IV.

For these reasons we affirm the district court's dismissal of Reyes's complaint and its denial of Reyes's motion for leave to file an amended complaint.

**AFFIRMED.**